TRANSWESTERN OIL CO. et al. v. NEWBY et al.

No. 30298.   Oct. 21, 1941.

Rehearing Denied Dec. 16, 1941.

*119 P. 2d 842.*

S. S. Wachter and James Dudley, both of Oklahoma City, for petitioners.

Carmon C. Harris, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. This is an original proceeding to review an award of the State Industrial Commission wherein it was found that the claimant had suffered a 25 per cent permanent partial disability as a result of an injury to his knee.

There is no controversy concerning the fact of the injury and its compensable character under the Workmen's Compensation Law. The issues are, first, whether there was sufficient evidence to sustain a finding of permanent partial disability; and, second, if there was such disability, whether it was the result of the compensable injury or of another wholly independent cause.

The injury occurred September 25, 1939. Claimant was treated immediately by respondent's physician. This physician's report to the commission showed that the injury was a bursted kneecap. Claimant continued his regular duties until February 29, 1939, when he was laid off work. He had another job to go to. He returned to respondent's physician, where, on March 1, 1940, an operation was performed on his knee. He was in the hospital seven days, and was discharged by the physician after 25 days, when he returned to his work.

According to claimant he continued to suffer pain in his knee, and was unable to make full use of his leg. On May 7th he was examined by his family physician, Dr. Morrison. He received several treatments from this doctor, but asserted that his knee did not improve. He lost no time from his employment after he returned to duty subsequent to the operation aforesaid. On December 30, 1940, he filed his motion to determine permanent disability, resulting in the instant award.

Dr. Vahlberg, testifying for the claimant, stated that he had examined the knee on one occasion. Basing his opinion on the nature of the original wound as he found it, and upon the history of the case and the symptoms as related by claimant, he said that at least a 25 per cent permanent partial disability had resulted directly from the injury.

Dr. Morrison, testifying for respondent, was of the opinion that the injury was not the cause of the pain and stiffness in the knee; that it had not caused any permanent disability. He based his opinion on his knowledge obtained while treating the claimant as aforesaid. He was of the belief that the condition in the knee was caused by rheumatism resulting from infected teeth or tonsils.

Dr. Vahlberg stated that if the knee was rheumatic, the rheumatism was brought on by the accident.

Respondent contends that the above evidence presents a jurisdictional issue; that the commission in deciding the question of disability was required also to determine whether the disability, if any, resulted from the knee injury, an injury over which it had jurisdiction, or from rheumatism caused by tooth or tonsil infection, an injury or physical condition over which the commission had no jurisdiction.

It is insisted that in such circumstances, where a jurisdictional question is involved, this court is not bound by the rule that the commission's order will not be disturbed as to questions of fact where there is any competent evidence reasonably tending to support the same; that instead it will weigh the evidence relating to that question and make its own independent findings of fact with relation thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

The rule suggested by respondent applies only where the commission's jurisdiction at the inception of the case is in question. That is, whether the original injury for which compensation is sought was a compensable one under the provisions of the Workmen's Compensation Law. If the injury was one for which the commission is authorized to award compensation in the first instance, it ordinarily retains jurisdiction to determine the permanent nature of the same. The question in such case is whether the injury has to some degree now become permanent. Allegations or evidence that some noncompensable injury or physical ailment has intervened as the sole cause of the present disability are defensive and will not convert the issue from one pertaining wholly to a compensable injury and its consequent liabilities into a jurisdictional one pertaining wholly to the character of the injury from a compensable standpoint.

Such were the circumstances in the two last-cited cases. In McKeever Drilling Co. v. Egbert, supra, the question before the commission was whether sunstroke, a noncompensable injury under the particular circumstances, or a head injury caused by the ensuing fall, caused the disability in the first place. This is revealed by the facts as disclosed in the first appeal of that case (167 Okla. 149, 28 P. 2d 579). In Tulsa Rig, Reel & Mfg. Co. v. Case, supra, it was merely held that the evidence was insufficient to bring the injury within the provisions of the Workmen's Compensation Law.

Here, there was evidence that the claimant was still disabled from the injury for which the commission had power to, and did, award compensation, and that such disability was now 25 per cent permanent in nature. There was also evidence that the claimant was not permanently disabled to any degree as a result of the original injury, but that his disability was the result of a wholly independent physical ailment. This evidence, though conflicting, was sufficient to support the finding that claimant had suffered a 25 per cent permanent partial disability from the injury for which the commission had jurisdiction to award compensation in the first instance. This case therefore falls within the rule as stated in the Egbert Case, above, as follows:

"The decision of the Industrial Commission is final as to all questions of fact relating to administering relief under the act, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court."

The award is sustained.

WELCH, C. J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and OSBORN, J., absent.