E. I. du PONT de NEMOURS & CO., Inc., et al. v. SPENCER et al.

No. 31953.   March 27, 1945.

*157 P. 2d 186.*

G. A. Krueger, of Tulsa, for petitioners.

Harve N. Langley, of Pryor, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 11th day of February, 1943, R. J. Spencer, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed by the petitioner, E. I. du Pont de Nemours & Company, he sustained an accidental injury arising out of and in the course of his employment. On the 27th day of June, 1944, the State Industrial Commission entered an award finding that respondent sustained an accidental injury on February 6, 1943, and as a result thereof was temporarily and totally disabled from February 6, 1943, to April 1, 1943, and sustained a permanent partial disability of 30 per cent. An award was made ordering payment accordingly.

Petitioners have commenced this proceeding to review the award and the sole issue presented is that there is no competent evidence in the record showing any disability.

The record discloses that respondent was employed as a millwright; that on the 6th day of February, 1943, a hydraulic lift rolled on to the respondent injuring the right side of his penis. Competent qualified medical witnesses testified that as a result of the accidental injury he had a permanent partial disability amounting to as high as 75 per cent. We have said that the decision of the Industrial Commission is final as to all questions of fact within its jurisdiction relating to administering relief under the act, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court. Transwestern Oil Co. v. Newby, 189 Okla. 683, 119 P. 2d 842; Smith Const. Co. v. Swindell, 185 Okla. 35, 89 P. 2d 947.

It is a settled rule that where the injuries complained of are of such charter as to require skilled and professional men to determine the cause and

extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons. Southern Ice & Utilities Co. v. Barra, 182 Okla. 214, 77 P. 2d 55; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P. 2d 734; Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212.

It is argued that the testimony of the medical expert witnesses for respondent is based upon inaccuracies. We have examined the record and conclude that the testimony of the medical expert witnesses for respondent is based upon a substantial statement of the facts connected with the injury. There is reflected at most a divergence in the opinions of the medical expert witnesses for the petitioners and the respondent. As stated in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847, the State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.

It is also argued that there is no evidence of a loss in wage-earning capacity which would sustain a finding of a loss of 30 per cent total disability. The "other cases" provision of 85 O.S. 1941 § 22 was amended by the Legislature in 1941, and under the amendment it is not necessary to establish a loss of wage-earning capacity in order to make an award of the percentage of total disability. But under the plain provisions of the amendment, the State Industrial Commission is authorized to make an award for the percentage of the permanent total disability shown by the medical testimony.

There is competent evidence in the record reasonably tending to support the finding as to the disability of the respondent.

The award is sustained.