FORD v. NELLIE B. MINING CO.
et al.

No. 35596.    March 17, 1953.

Rehearing Denied April 7, 1953.

*255 P. 2d 504.*

A. L. Commons and H.G.E. Beauchamp, Miami, for petitioner.

J. A. Tillotson, Tulsa, Fenton & Fenton, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, J. This is a proceeding brought by James E. Ford to review an order of the State Industrial Commission denying him compensation on a claim filed against Nellie B. Mining Company, his employer, and its insurance carrier.

Petitioner in his claim states that on the 6th day of September, 1949, while in the employ of Nellie B. Mining Company, he sustained an accidental injury consisting of inhaling fumes from a chemical known as xanthate and as a result thereof he lost his sense of taste and smell.

The trial commissioner to whom the case was referred for hearing, in substance, found: Petitioner in his claim alleges that he incurred a loss of the sense of smell and partial loss of taste by reason of inhaling xanthate fumes while in the course of his employment with Nellie B. Mining Company. He further found petitioner suffered no accidental personal injury within the meaning of the Workmen's Compensation Act nor did he suffer any loss of wage-earning capacity and entered an order denying compensation which order was sustained on appeal to the commission en banc.

Petitioner in this proceeding contends that the order of the State Industrial Commission is not sustained by the evidence and is contrary to law. The evidence shows that respondent Mining Company was the owner of a lead and zinc mine at Miami, Oklahoma, and in connection therewith it operated a flotation plant through which the products taken from the mine were processed. Different chemicals were used by respondent Mining Company in processing the material, among which was xanthate. This substance consists of a dry powder until it is mixed with water; when so mixed, it is used in connection with the processing of the material taken from the mine. The mixture, at the time petitioner sustained his accident, was made in a 50 gallon barrel with the top open and the substance was taken from the barrels in water buckets and placed in a feeder used in processing. Petitioner, while engaged in this work, inhaled fumes which came from the xanthate, resulting in the loss of his sense of smell and partial loss of his sense of taste. The evidence is undisputed that he did inhale the fumes as contended and that it did result in such loss.

It is contended by respondents that an injury caused by inhaling fumes from xanthate does not constitute an accidental injury within the meaning of the Workmen's Compensation Act. This contention cannot be sustained. We have heretofore held that injury caused by inhaling gas or dust may constitute an accidental injury within the meaning of the Act. Ross v. Ross, 184 Okla. 626, 89 P. 2d 338; C. K. Howard & Co. v. McKay, 189 Okla. 453, 117 P. 2d 525.

It is further contended by respondents that, although the inhaling of the fumes resulting in the loss of taste and smell constitutes an accidental injury, such injury is not compensable under our statute. While we have no statute definitely fixing compensation for loss of taste and smell resulting from accident, such injury is compensable under the "other cases" provision of our statute. 85 O.S. 1951 §22, par. 3. Under this section compensation is recoverable for all classes of injury resulting from hazardous employment other than such injuries for which specific compensation is provided. H. F. Wilcox Oil & Gas Co. v. Lewis, 173 Okla. 640, 49 P. 2d 782. Speaking on this question the Supreme Court of Nebraska, in the case of Wilson v. Brown-McDonald Co., 134 Neb. 211, 278 N.W. 254, 116 A.L.R. 702, held:

"Disfigurement resulting from severe third-degree burns to the face is to be considered in the light of the general statutory purpose to provide compensation for personal injuries, and is within the meaning of the language contained in section 48-121 Comp Stat. 1929, viz., 'in cases not covered by the schedule.' "

The State of Nebraska had no statute specifically providing compensation for disfigurement but had a statute similar to the "other cases" provision of our statute. The court held that an injured workman could recover com-

pensation for disfigurement under such statute.

Counsel for petitioner requested the commission to make a finding on the issue as to whether petitioner sustained any disability as a result of his injury. The commission made no such finding. It did, however, find that the petitioner had lost no wage-earning capacity by reason of his loss of taste and smell. We do not think this finding equivalent to a finding that he sustained no disability as a result thereof. It was not necessary for petitioner, in order to obtain compensation under the "other cases" provision of the statute, as amended by 85 O.S. 1951 §22, par. 3, to prove that he had sustained a loss of wage-earning capacity. This section so far as here material provides:

"Other cases: In all other classes of disabilities, excluding only those heretofore referred to in subdivision three, which disabilites result in loss of use of any portion of an employee's body, and which disabilities are permanent in quality but partial in character, the compensation ordered paid shall be sixty-six and two-thirds per centum of the average weekly wage during that portion of the number of weeks which the partial disability of the employee bears to the total permanent disability."

This section has the effect of arbitrarily fixing an employee's loss of earning capacity measured by his physical disability or by the degree of disability sustained. Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185.

In E. I. du Pont De Nemours & Co., Inc., v. Spencer, 195 Okla. 300, 157 P. 2d 186, in the second paragraph of the syllabus we held:

"Under the 'other cases' provision of 85 O.S. 1951, §22, it is not necessary to establish loss of wage-earning capacity, and the State Industrial Commission is authorized to award percentage of total disability disclosed by the medical testimony."

There has been medical evidence offered in this case tending to show that petitioner, as a result of his injury, has sustained a 10 per cent permanent partial disability to his body as a whole. The commission should have made a finding as to this issue.

Order vacated for further proceedings in accordance with the views herein expressed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.