FOLSOM AUTO SUPPLY and Hardware Mutual Insurance Co., Petitioners,

v.

Merdo BRISTOW, B. E. Harkey, His Attorney, and State Industrial Commission, Respondents.

No. 36432.

Supreme Court of Oklahoma.

Sept. 28, 1954.

Rehearing Denied Oct. 26, 1954.

John F. Eberle, Richard J. Spooner, Oklahoma City, for petitioners.

B. E. Harkey, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

On April 24, 1953, respondent filed his claim for compensation in which he states that on the 3rd day of November, 1952, while in the employ of Folsom Auto Supply he sustained an accidental personal injury arising out of and in the course of his employment resulting in an injury to his groin. The injury occurred while he was pushing a car out of the driveway entering into the auto supply shop.

The trial commissioner to whom the case was assigned at the conclusion of the evidence awarded compensation for temporary partial disability at the rate of $25 per week and ordered such payments to continue until temporary partial disability shall cease not to exceed 300 weeks. The award was sustained on appeal to the Commission en banc.

On October 14, 1953, petitioners filed a petition in this court to review the above award and thereafter upon confession of error of respondent and stipulation signed by both parties the award was vacated and the cause remanded to the State Industrial Commission for further proceedings. Upon receipt of the mandate the case was assigned to a trial commissioner for further hearing.

Before the commencement of that hearing petitioners filed a motion and application requesting the trial commissioner to certify his disqualification to participate in the hearing. The motion and application is based on the ground that the trial commissioner assigned to hear the case sat as a member of the Commission en banc in hearing the appeal on the former award and voted to affirm that award and by reason of such fact cannot give them a fair and impartial trial.

The motion was denied and the trial commissioner refused to disqualify and proceeded to hear the case and at the conclusion of the evidence in substance found: On November 3, 1952, respondent, while in the employ of Folsum Auto Supply and engaged in a hazardous employment sustained an accidental injury arising out of and in the course of his employment resulting in an injury to his groin and testicles and as a result of such injury he sustained 25 per cent permanent partial disability to his body as a whole.

The Commission en banc on appeal modified the award by changing the percentage of disability sustained by respondent from 25 per cent permanent partial disability to 20 per cent and awarded respondent compensation accordingly and the award of the trial commissioner as so modified was sustained.

Petitioners, in this original proceedings, bring the case here to review this award. Their main contention is that the award is not sustained by the evidence and is contrary to law.

Respondent in substance testified that he was an employee of Folsum Auto Supply at the time he sustained his injury. He was engaged to perform work as a bookkeeper, manager of the shop and as a body and fender repairman. His work as a bookkeeper required two hours daily of his time and the balance of each day he devoted to work in the repair shop. He received as a salary for the bookkeeping work $62.50 per month and for his services as manager of the shop $62.-50 and received 50 per cent of the profits derived from the work performed in the repair shop. His average weekly wage from all sources amounted to about $90 per week.

Respondent further testified that he sustained his injury while engaged in pushing a stalled automobile from the driveway entering the shop. It was driven there by some customer. It was necessary to clear the driveway in order to remove from the shop an automobile which he had completed repairing.

The driveway was covered with gravel and while engaged in pushing the automobile his foot slipped, he fell forward into the fender and bumper. He immediately felt a sharp pain in his lower groin. He was unable to continue work. He rested for a couple of hours and then went home. At about 6 o'clock in the evening of that day

his groin began to pain him severely and his testicles began to swell. About four days thereafter he called on a physician who administered some treatment to relieve and ease the pain and advised him to return later. Several days thereafter he returned. The doctor advised him that it was necessary to operate and he thereafter operated and removed his entire left testicle and part of his right testicle. After he recovered from the incision he returned to work as manager and bookkeeper but was unable to do any work in the repair shop because of his injury and is still unable to do so. His employer however continued to pay him his regular salary as manager and bookkeeper from the time he sustained his injury until he returned to work and has ever since continued to pay him such salary.

The operating surgeon testified that when he first saw respondent his pain was so severe and the testicles so badly swollen that it was impossible for him to make a proper examination. He prescribed penicillin and recommended rest. Several days thereafter he again saw and examined respondent. He found he was suffering from a growth or large tumor on the left testicle and a small one on the right testicle.

The doctor however testified that in his opinion the tumors were not caused by a strain or trauma but were congenital. He thought however the injury sustained by respondent while pushing the automobile caused the disabling pain and swelling. The pain did not yield to treatment and the doctor recommended surgery and thereafter on December 31, 1952, he operated attempting to remove the tumors. It was however discovered that the tumor on the left testicle was tied to the cord and it was necessary to and he did remove the entire testicle and also removed about one-sixteenth part of the right testicle. He further testified that the incision had healed by June 30, 1953, but he was still treating respondent with male sex hormones by injections through the hip and by oral prescription. He however testified that respondent was then extremely nervous due to his condition and was unable to do ordinary manual labor as he did before he sustained his alleged injury and recommended

that such treatment be continued for one year at the end of which time he expressed the opinion that respondent would completely recover from his condition and would be able to return to work.

Several physicians testified substantially to the state of facts as did the above physician.

One physician however who examined respondent in his written report filed on May 23, which was admitted in evidence by agreement, states that from the history of the case and from his own examination he found the following conditions to exist: Respondent developed pain, redness and some swelling in the right and left testicle and scrotal region following the accident of November 3, 1952. The swelling quickly subsided though the pain persisted in the testicle region and extended up into the groin region. Respondent has continued to suffer pain as a result of the injury and is still doing so to a considerable degree; that in his opinion the loss of respondent's left testicle and partial loss of the right will continue to give rise to nervousness and continue permanently to be a source of worry and disturbance to respondent and believes his efficiency and ability to perform work will be reduced to some extent because of these factors and expressed the further opinion that respondent has sustained a $27\frac{1}{2}$ per cent permanent partial disability to his body as a whole as a result of the accidental injury of November 3, 1952.

While the evidence as to the cause and extent of respondent's disability is conflicting we think the evidence of this physician when taken into consideration with the testimony of respondent is sufficient to sustain the finding of the Commission in this respect.

Petitioners further contend that the order of the Commission awarding compensation to respondent for the entire disability alleged to have been sustained is contrary to law for the reason the evidence discloses he sustained a previous injury to his groin and that part of the disability is due to that injury. The evidence discloses that respondent had sustained a previous injury to his

groin but it also discloses that he lost no time as a result of that injury and sustained no disability as a result thereof. Petitioners offered no evidence tending to prove that a portion of the disability which respondent now has was due to the prior injury. The contention of petitioners in this respect is not supported by the evidence.

■ It is further contended by petitioners that respondent has failed to establish that he was engaged in a hazardous employment at the time he sustained his injury and the Commission therefore erred in awarding him compensation. The evidence shows that respondent was engaged in performing work in connection with the repair of automobile bodies and fenders at the time he sustained his injury; that the shop in which he was working was equipped with electric driven machinery and a large compressor which he used in connection with his work. This evidence is sufficient to establish that he was engaged in a hazardous employment as that term is defined by Workmen's Compensation Law, 85 O.S.1951 § 2.

■ Moreover the evidence shows that Folsom Auto Supply carried compensation insurance covering its employees and that the wages paid respondent were used in computing the premium paid on the policy. Petitioners are therefore estopped to deny that respondent was engaged in a hazardous employment at the time he sustained his injury. 85 O.S.1951 § 65.2.

■ Petitioners further contend that the Commission erred in awarding compensation to respondent for the reason that he has failed to show that his injury arose out of and in the course of his employment. This contention is not sustained by the evidence. We think the evidence above detailed shows that respondent sustained his injury while engaged in performing work which he was employed to do. The injury therefore occurred in the course of his employment. It resulted from a risk reasonably incident to his employment and therefore arose out of the employment. Williams v. Rippee, 208 Okl. 206, 254 P.2d 993; Swift & Co. v. Forbus, 201 Okl. 516, 207 P.2d 251.

■ Petitioners also contend that respondent was not entitled to recover for the reason that he failed to prove loss of wage earning capacity. In support of this contention they rely on Section 13356 O.S.1931 and numerous authorities construing this section. These authorities are no longer applicable since the 1941 amendment of the "other cases" provision of the law. This section as amended now appears in 85 O.S.1951 § 22, Par. 3. It is not necessary under this section that an employee prove loss of wage earning capacity in order to recover. This section has the effect of arbitrarily fixing an employee's loss of wage-earning capacity measured by his physical disability or by the degree of disability sustained. Mudge Oil Co. v. Wagnon, 193 Okl. 466, 145 P.2d 185; E. I. Du Pont De Nemours & Co., Inc. v. Spencer, 195 Okl. 300, 157 P.2d 186; Ford v. Nellie B. Mining Co., 208 Okl. 265, 255 P.2d 504.

■ The contention of petitioners that the trial commissioner erred in refusing to certify his disqualification to participate in the case on the motion and request of petitioners is without substantial merit.

Award sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur