**SERVICE PIPE LINE COMPANY,**
Own Risk, Petitioner,

v.

**Jerome E. CARGILL and State Industrial Commission, Respondents.**

No. 36928.

Supreme Court of Oklahoma.

Nov. 8, 1955.

Cecil L. Hunt, George B. Sandel and T. W. Arrington, Tulsa, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, D. O. Cubbage, Cushing, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

This is a proceeding by Service Pipe Line Company, own risk carrier, to review an award of the State Industrial Commission awarding compensation to Jerome E. Cargill, respondent.

Respondent in his claim filed October 30, 1951, stated that while in the employ of petitioner he sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his back and a ruptured disc occurring when he stepped from a ladder on a piece of building tile causing him to fall.

The trial commissioner to whom the case was assigned at the close of the evidence in substance found: On March 25, 1949, respondent while in the employ of petitioner sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his back. In finding No. 2 she found that claimant was temporarily totally disabled as a result of such injury and that temporary total disability had terminated and respondent had been compensated in full for said temporary total disability, and further found that by reason of said injury to his back respondent sustained a permanent partial disability of 25 per cent to his body as a whole for which he is entitled to compensation in the sum of $3,125, being 125 weeks at $25 per week which has all accrued and entered an award accordingly and directed that the award be paid within 20 days after filing of the order.

On appeal to the Commission en banc finding No. 2 was modified by inserting the words, the claimant (respondent herein) as a result of his injury was temporarily totally disabled from March 3, 1950, to November 3, 1950, when his temporary total disability terminated, and sustained the award.

Petitioner brings the case here for review. Its first contention is that respondent is not entitled to any further compensation for the reason that the award shows that it has fully accrued and has been satisfied and nothing further is due on the award.

The evidence is undisputed that respondent sustained an accidental injury as stated in his claim, that respondent was then engaged in a hazardous employment and that the injury arose out of and in the course of his employment and that as a result of his injury he sustained an injury to his back resulting in some disability to his person. The evidence further shows that after respondent sustained his injury he continued working for petitioner until February 13, 1950. He thereafter consulted with and was treated by several physicians and returned to work on February 26, 1950, but was given lighter work and continued at such work until March 3, 1950, when he entered a hospital where a disc operation with bone graft was performed. On November 1, 1950, he was released from the hospital as able to return to work and a couple of days thereafter he did return to work but was given lighter work than he was doing prior to the time he sustained his injury. He continued at such work until December 1, 1954, at which date he was laid off by petitioner together with some twenty-five other employees because of change in operations. The record shows that during the four year period he continued working for the petitioner he was paid wages in excess of $3,125, the amount awarded him by the State Industrial Commission for permanent partial disability.

■ It is the contention of petitioner that since the time respondent was released as able to return to work it has paid wages in excess of the amount allowed respondent by the Commission and is therefore entitled to credit against the award for said excess and by reason thereof there is nothing due on the award. We do not agree. The payments made to respondent subsequent to November 3, 1950, were not paid as compensation or wages in lieu of compensation but were paid him for work performed during such period of time and petitioner is therefore not entitled to credit against the award for the amount so paid.

■■ While it is true as contended by petitioner that the purpose of the Compensation Act is not to indemnify a worker for a physical ailment, but for loss of earning power and disability to work, United States Casualty Co. v. Steiger, 179 Okl. 407, 66 P.2d 55, it does not, however, follow that evidence to the effect that wages paid respondent by petitioner during the time respondent continued to work after temporary total disability ceased in excess of weekly compensation awarded respondent by the Commission for permanent partial disability establishes that respondent sustained no loss of earning power as the result of his injury.

The award was made under the "other cases" provision of the statute as amended, 85 O.S.1951, § 22, which provides:

"In all other classes of disabilities, excluding only those heretofore re-

ferred to in subdivision 3, which disabilities result in loss of use of any portion of an employee's body, and which disabilities are permanent in quality but partial in character, the compensation ordered paid shall be sixty-six and two-thirds per centum (66⅔%) of the average weekly wage during that portion of the number of weeks which the partial disability of the employee bears to the total permanent disability."

Prior to the amendment of this section it was necessary for an employee to establish loss of earning power in order to recover compensation. Since such amendment, however, this is no longer necessary. The statute as amended arbitrarily fixes an employee's loss of earning power measured by his physical condition or degree of disability sustained. Mudge Oil Co. v. Wagnon, 193 Okl. 466, 145 P.2d 185; Ford v. Nellie B. Mining Co., 208 Okl. 265, 255 P.2d 504. In E. I. du Pont de Nemours & Co. v. Spencer, 195 Okl. 300, 157 P.2d 186, we said:

"Under the 'other cases' provision of 85 O.S.1941 § 22, it is not necessary to establish loss of wage earning capacity and the State Industrial Commission is authorized to award percentage of total disability disclosed by the medical testimony."

The contention of petitioner that the award of the Commission shows that it has fully accrued, been discharged and nothing is due thereunder cannot be sustained.

■ Petitioner's second contention is that there is no evidence to support the award.

The medical evidence consists of written reports of two physicians. One of these physicians in his report states that he obtained a case history from respondent, thereafter examined him and found that he was suffering from a back injury and after discussing in detail the physical condition found to exist concluded as follows:

"Discussion: It is my opinion that this individual has sustained approximately 35 per cent permanent partial disability to the body as a result of the accidental injury sustained to the lower back and spine regions on March 25, 1949. * * *"

The other physician in his report likewise so stated except that he fixed respondent's disability at 15 per cent permanent partial disability to his body as a whole.

The gist of this objection made to the award is that the Commission awarded compensation based on disability to the body as a whole. It is petitioner's contention that under section 22 of the statute, supra, compensation is allowed only for disability sustained to the portion of the body injured and in this case a back injury. In this connection petitioner says:

"Furthermore, all of the evidence in this case as to the alleged accident and injury sustained by the claimant was limited to a back injury. There is not a scintilla of evidence of an injury to the body as a whole. For this reason, we urge that there is no evidence to sustain the order because there is no medical evidence to sustain it."

We see no merit in this contention. If in the opinion of the medical experts the injury to respondent's back resulted in permanent partial disability to his body as a whole, they had a right to evaluate his disability on that basis. The evidence is sufficient to support the award as hereinafter modified. Moreover, this argument appears to have been first presented herein in this court. Apparently neither the trial commissioner nor the Industrial Commission had an opportunity to pass upon the point.

■ It is finally contended by petitioner that during the first three months of respondent's period of temporary total disability he was paid wages in an amount in excess of the amount to which he was entitled for temporary total disability in the sum of $272.80 and it is therefore entitled to credit against the award for permanent partial disability in said sum.

Respondent objects to the credit on the grounds that petitioner in its answer made no claim for such credit, that there was no proof of over-payment and that the parties stipulated the case was to be tried as to the

question of permanent partial disability only and that therefore there were and are no questions as to temporary total disability. This question of credit, however, was raised by petitioner and presented under the evidence in the case. We think it is entitled to some credit. Don Clawson Drilling Co. v. Finch, Okl., 277 P.2d 127. However, the credit should be two cents per hour for 4 40-hour weeks and one cent per hour for 8 '40-hour weeks or $15 less than contended for by petitioner under admission of claimant in his original claim and in his testimony.

The award is modified by allowing a credit in the sum of $266.40 and as so modified is sustained.

JOHNSON, C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.