**SOCONY MOBIL OIL COMPANY, Inc.,
a Corporation, Petitioner,**

v.

**Jack R. COX and the State Industrial Court
of Oklahoma, Respondents.**

**No. 39841.**

Supreme Court of Oklahoma.

May 15, 1962.

Rehearing Denied June 5, 1962.

S. M. Groom, Jr., Oklahoma City, Charles B. Wallace, Dallas, Tex., Frank C. Bolton, Jr., New York City, Robert W. Richards, Oklahoma City, of counsel, for petitioner.

Harley E. Venters, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Vice Chief Justice.

On the 10th day of May, 1961, Jack R. Cox, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Socony Mobil Oil Company, Inc., a corporation, hereinafter called petitioner, he sustained an accidental injury on the 9th day of March, 1961, when he strained his back while cranking an engine. An award for 15 per cent permanent partial disability was made by the trial judge and this award was affirmed on appeal. This proceeding is brought by petitioner to review the award.

The testimony of two expert witnesses is in conflict. A doctor for petitioner filed a report in which it is stated that claimant has 5 per cent permanent partial disability to the body as a whole, while a doctor for

claimant filed a report in which it is stated that as a result of accidental injury claimant has a permanent partial disability of 25 per cent to the body as a whole.

At the conclusion of the trial before the trial judge the following transpired:

"MR. GROOM: That's all. Your Honor, we have one or two witnesses here, and then we have got some films to show.

"THE COURT: Just hold it, I am not going to look at any films, because I don't think they are competent, and I just don't have time to watch them. You can make your offer of proof, and I will rule on it.

"MR. GROOM: Comes now the respondent and would like to prove by the testimony of Gene Causs, relative to the photographs taken of the claimant, taken on July 17, 1961, which will show the physical activities of the claimant in changing a flat tire on a road between Alex and Chickasha.

"MR. VENTERS: What else will that show?

"MR. GROOM: That's all.

"THE COURT: I will allow you an exception.

"MR. GROOM: And claimant carrying the tire in one hand.

"MR. VENTERS: Do you deny that, Mr. Cox?

"A: No, sir.

"THE COURT: I was just going to hold that it isn't the proper way to prove it."

Two medical reports were offered and accepted and the case was submitted. At the conclusion of the testimony offered by the claimant the following transpired:

"MR. VENTER: We would like to offer Dr. E. Dale Mitchell's report of July 11, 1961.

"MR. GROOM: We don't have any objection, but we will object to the conclusion and opinion as being based entirely upon subjective complaints.

"THE COURT: You just disagree with the doctor's opinion?

"MR. GROOM: We object to the conclusion and opinion as being improper foundation.

"THE COURT: You don't want to Cross-Examine him?

"MR. GROOM: No, sir.

"THE COURT: It is really not material.

"MR. GROOM: Exception.

"THE COURT: I am not going to give you an exception, that doesn't require any ruling.

Claimant was then cross-examined by Mr. Groom, counsel for petitioner.

■ It is first argued that the trial judge erred in refusing the offer of testimony. It will be noted that claimant admitted he changed the tire in the manner stated by the attorney for petitioner in his offer of proof. The offer to show the films of claimant changing a tire was at the most cumulative and the error, if any, in the trial judge excluding the same was harmless. Especially is this true since, in a case like this, the degree of disability is based upon the medical evidence. In Ford v. Nellie B. Mining Co., 208 Okl. 265, 255 P.2d 504, it is said:

"Under the 'other cases' provision of 85 O.S.1951, § 22, it is not necessary to establish the loss of wage-earning capacity, and the State Industrial Commission is authorized to award percentage of total disability disclosed by the medical testimony."

See, also, Special Indemnity Fund v. Beller, Okl., 369 P.2d 184.

■ Petitioner argues the State Industrial Court or the trial judge failed to consider its objection to the medical report. The report was admitted without objection with a waiver of cross-examination. In such case it has been held many times that the report is evidence upon which a decision of the State Industrial Court can be based.

Finally it is stated that there is no competent evidence that claimant has a disability of 15 per cent due to the accidental injury. We have held that the State Industrial Court has authority to fix the degree of disability within the range of the medical evidence. Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135. The range was from 5 per cent, fixed by the medical witness for petitioner, to 25 per cent fixed by the expert witnesses for the claimant, and the award was fixed at 15 per cent. It is supported by the medical evidence. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; and Ridenour v. Van Pick Oil Co., supra.

Award sustained.