Godfrey J. RASKA, Petitioner,

v.

TULSA TILING SERVICE, Mid-Continent Casualty Company and State Industrial Court, Respondents.

No. 40774.

Supreme Court of Oklahoma.

Dec. 15, 1964.

Dennis J. Downing, Tulsa, for petitioner.

Rogers, Donovan & Rogers, Gerard K. Donovan, Tulsa, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

The primary question to be determined in this original action is whether there is competent medical evidence to support the order of the State Industrial Court awarding compensation to Godfrey J. Raska, claimant, on the basis of 40 per cent permanent partial disability to the body as a whole.

The record discloses that on October 9, 1961, claimant filed a claim before the State Industrial Court against Tulsa Tiling Service, employer, and its insurance carrier, Mid-Continent Casualty Company, as respondents. He alleged that on August 21, 1961, he sustained an accidental injury to his heart arising out of the employment.

On November 14, 1961, a trial judge of the Industrial Court heard the cause. The only evidence introduced at that time, with the exception of certain hospital and doctor bills and a transcript of the Tulsa Weather Bureau of official temperatures, was the testimony of the claimant and the deposition of Dr. B on behalf of claimant. On April 23, 1962, the trial judge entered an order finding that on August 21, 1961, claimant had sustained an accidental injury to his heart arising out of his employment, found that claimant was temporarily totally disabled from August 21, 1961, to November 20, 1961, ordered the respondents to pay compensation for that period of time, ordered payment of all the doctor and hospital bills, and reserved the question of additional medical treatment, additional temporary total disability and permanent disability for further hearing. The order was appealed to the court en banc by the respondents where it was affirmed. That order became final and has been complied with.

On May 8, 1963, the cause was again heard by the lower court but on the single issue of permanent disability. It was stipulated by the parties that claimant had returned to work on March 29, 1962, and that respondents did owe and would pay to claimant temporary total compensation from November 20, 1961, to March 29, 1962. On July 2, 1963, the trial judge entered an order awarding claimant compensation on the basis of 65 per cent permanent partial disability to the body as a whole. Both parties appealed to the court en banc where on October 21, 1963, the order was modified awarding claimant compensation on the basis of 40 per cent permanent partial disability to the body as a whole.

The claimant petitions this Court for a reversal of the Industrial Court's order contending "the State Industrial Court is not at liberty to make its own independent finding of permanent disability in the absence of competent medical evidence." Claimant urged that the medical evidence submitted

by the respondents was without "probative value whatsoever" and that the only competent medical evidence introduced was that on behalf of claimant which assessed his disability to be 100 per cent permanent.

The testimony of Dr. H on behalf of claimant was introduced by way of deposition. Dr. H stated he had examined claimant September 20, 1962, and March 20, 1963, but that he had never treated claimant; that claimant's physical condition had not changed from the first examination to the last but that his electrocardiogram had changed for the worse; that, even though the evidence was that claimant had for the past fifteen months been doing the same type of work he had done prior to the accident and averaging over 40 hours per week at such labor, in his opinion claimant was permanently and totally disabled.

Dr. B, whose testimony was used by claimant at the prior hearing to establish his accidental injury, testified by deposition on behalf of respondents. Dr. B stated he had treated claimant from the original onset in August, 1961, to March 29, 1962, when he released claimant to return to "light work;" that he had checked claimant four times since his return to work, the last time being on January 22, 1963; that in his opinion claimant had sustained 20 per cent permanent partial disability to the body as a whole as a result of the injury to his heart.

Dr. C testified for respondents by written report. After setting forth the clinical findings on examination of claimant, Dr. C states:

"In conclusion, it would appear that this patient has recovered well from a previously noted posterior infaction. * * * His only restriction at this time would be exceptionally heavy lifting."

Dr. C did not express an opinion as to the degree of disability suffered by claimant.

This is the medical evidence on which the Industrial Court's order is based.

 We have held that the Industrial Court has authority to fix the degree of dis-

ability within the range of the medical evidence. Socony Mobil Oil Company, Inc. v. Cox, Okl., 372 P.2d 8; Ridenour v. Van Pick Oil Company et al., Okl., 289 P.2d 135. The range was from 20 per cent, fixed by Dr. B for respondents, to 100 per cent fixed by Dr. H for claimant, and the award was 40 per cent. We have also held many times that the State Industrial Court, and not the Supreme Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and of the weight to be accorded their testimony. Brooks & McConnell, Inc. v. Strong, Okl., 396 P.2d 525; Wade Lahar Construction Co. v. Howell, Okl., 376 P.2d 221; Spartan Aircraft Co. v. Stockton, Okl., 370 P.2d 13; Oklahoma Gas & Electric Co. v. State Industrial Court, Okl., 366 P.2d 609.

Claimant argues that the medical evidence of respondents "is obviously indefinite, equivocal, ambiguous and inconsistent" in that "The evidence of Dr. B was, by the doctor's own admission, a guess. The doctor had already testified that he had no opinion on the question of petitioner's disability."

 A physician's opinion need not be given in categorical terms nor in the precise language of the statute, and an award of the Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony. Townley's Dairy v. Gibbons, Okl., 395 P.2d 947; Nuway Laundry Co. v. Hacker, Okl., 396 P.2d 659; Star Printery Company v. Pitman, Okl., 376 P.2d 291.

A part of Dr. B's testimony is as follows:

"Q: Then, you do believe that he has some permanent disability that would directly be attributed to this accident that he had in August of 1961?

"A: I would attribute it to his myocardial infaction.

"Q: Do you have an estimate of the percentage of disability that that might be?

"A: No.

**664**

"Q: Would you give us your best estimate, Doctor, based upon your training, clinical observation of Mr. Raska and the various other factors that doctors take into consideration in estimating disability?

"A: My guess would be, and this is strictly a guess, about 80 per cent.

"Q: That he is 80 per cent limited?

"A: No, that he can possibly do 80 per cent of what he did do.

"Q: Then, conversely, then, he would be about 20 per cent disabled, would that be about right, Doctor?

"A: I would say that. Again, I don't know what his physical reserve is, and there is no way to predict that. There is no way to predict that he might have another heart attack or he might not have another heart attack, and this is all medical speculation.

\* \* \* \* \* \*

"Q: Go ahead and answer the question Doctor. Would you tell us, the best of your skill, training, experience and so forth what percentage of disability that you would attribute of a permanent nature to this—

"MR. DOWNING: If you have an opinion.

"A: Well, at the present time, I would estimate that he would probably or possibly has a 20 per cent disability, as compared to his condition before."

■ Under the rule last above announced we feel the general tenor and intent of Dr. B's testimony to be that in his opinion claimant is 20 per cent permanently and partially disabled as a result of the accidental injury. We hold his testimony to be competent medical evidence.

■■ The medical evidence is in conflict. In an action to review an award of the State Industrial Court, this Court will not review conflicting evidence on non-jurisdictional questions to determine the weight and value thereof and when an award is supported by competent evidence,

the same will not be disturbed by this Court. Anderson v. Bills Bakeries, Inc., Okl., 393 P.2d 524; Socony Mobil Oil Co., Inc. v. Cox, supra.

■ Finding the record free from errors of law and the order of the State Industrial Court amply supported by competent evidence, the award is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JACKSON, IRWIN and BERRY, JJ., concur.