**CUSTOM SIZES, INC., and Lumbermens Mutual Casualty Company, Petitioners,**

v.

**Wanda J. HEARD and State Industrial Court, Respondents.**

No. 43866.

Supreme Court of Oklahoma.

Oct. 20, 1970.

Rehearing Denied Nov. 24, 1970.

Lawrence E. Hoecker, Tom D. Capshaw, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for petitioners.

Buck Cartwright, Wewoka, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

Petitioners, respondents below, seek review of an order of the State Industrial Court, modifying the award of the trial judge and increasing the amount of the award. Parties will be referred to as they appeared before the State Industrial Court.

Claimant testified that she sustained injuries to her back while employed and working for the respondent at its plant in Wewoka, Oklahoma, on January 20, 1969.

The jurisdiction of the State Industrial Court is admitted. The trial judge awarded the claimant thirty per cent permanent partial disability to the body as a whole for injuries sustained to her back. Claimant appealed to the State Industrial Court

sitting en banc, contending the award to be inadequate and requesting that the amount be increased. The Industrial Court, sitting en banc, by a vote of three to two modified the award, holding:

" * * * that there is no competent medical evidence, other than the claimant's, on which to base an award and that therefore the order is affirmed as modified to find that the claimant is 55 per cent permanently partially disabled."

The propriety of the order of the court sitting en banc is the sole issue presented here on review.

The medical evidence was all submitted by written reports. Four doctors, two for the claimant and two for respondent are agreed that claimant has sustained a herniated intervertebral disc and her condition could be materially improved with proper surgery. Respondent tendered the claimant a surgical operation which she declined.

Dr. Ml claimant's doctor, in his report dated February 28, 1969, states that claimant in his opinion has intervertebral disc pathology and should have a myelogram and surgery, but without surgical procedure has a fifty per cent permanent partial disability to the body as a whole for the performance of ordinary manual labor. In a report dated June 23, 1969, Dr. Ml increased the disability to fifty-five per cent. Dr. Mo, claimant's other doctor states that claimant will only get relief with "surgery" and fixes no percentage of partial permanent disability.

The evidence submitted by the respondent which the Court, en banc, excluded as being incompetent is as follows:

Dr. C in his written report states:

"It is my belief that surgery would be indicated, in spite of the negative myelogram, if she was having sufficient distress. It is my understanding that she has since decided not to have surgery. Whether this decision indicated improvement or whether it indicates an incorrect interpretation of the severity of her symptoms by me when I saw her, I

am not sure. This makes assessment of permanent disability difficult. It is also difficult to state that present symptoms are permanent, because they may very well improve in the future. However, assuming no further improvement, I would estimate her permanent disability to be 10% of the body as a whole."

Dr. S in his first report finds that claimant has a herniated disc with surgery indicated. In his final report dated June 10, 1969, he states:

"Thank you for informing me that Mrs. Wanda Heard does not desire further treatment or surgery. As to her disability rating, it is my opinion that this lady would have approximately 10 per cent partial permanent disability to the spine as the result of her surgery if she were to have this carried out."

Dr. F states that he examined and observed the claimant while she was a patient at the hospital in Oklahoma City; that the complaints of the claimant are subjective and do not conform to any pattern; that he has had ample opportunity to observe the claimant and it is his opinion "there is nothing wrong with her;" that it is his opinion that claimant "is capable of performing ordinary manual labor * * * needs no further medical treatment" and "has no permanent disability for the performance of ordinary manual labor as the result" of the alleged accident.

The record reflects the difficulties confronting the doctors for both the claimant and respondent in attempting to determine definitely the amount of claimant's permanent partial disability when she is still temporarily and totally disabled and her maximum healing period had not been reached.

Three of the reports of Dr. Ml, claimant's doctor, were submitted. In his first report dated February 28, 1969, Dr. Ml finds the claimant to be temporarily totally disabled and recommends surgery. No reference is made to the extent of claimant's permanent partial disability. Dr. Ml in his second report dated April 1, 1969, covering two pages again discusses the

physical condition of the claimant and her need for corrective surgery. In the concluding paragraph of the report he states "without corrective surgical procedure, this lady has a 50% partial disability to the body as a whole." In his third report dated June 23, 1969, Dr. M1 again reviews the condition of the claimant, her need for surgery and concludes "this lady has a 55% permanent partial disability to the body as a whole."

There is little difference in the phraseology used by Dr. M1 in his two reports and the phraseology used by respondent's Dr. C in his report dated June 26, 1969. Dr. C states it is difficult to state that the present symptoms of the claimant are permanent as they may very well improve in the future. He continues, "However, assuming no further improvement, I estimate her permanent disability to be 10% to the body as a whole."

We have held in several cases that the opinion of a medical expert need not be given in categorical terms nor in precise language. Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 745; Raska v. Tulsa Tiling Service, Okl., 397 P.2d 661.

In Bill Morris Tank Company v. Martin, Okl., 349 P.2d 15 we said:

"* * * A physician's opinion need not be expressed with legalistic precision, and the evidence is sufficient where the presence and extent of permanent disability may be found from a consistent context. (citing cases)."

Dr. C is positive in his statement that claimant's "permanent disability" is "10% to the body as a whole." Dr. F finds the claimant has no permanent disability as the result of the alleged accident. In weighing the evidence on review the Industrial Court, sitting en banc, declined to consider the evidence of Dr. C and Dr. F, holding the evidence to be incompetent. The evidence was competent and the court en banc erred.

We have read the cases cited by the claimant. They involve general statements of law not applicable to the factual situation presented here.

The order of the State Industrial Court, sitting en banc, is vacated with directions to conduct such further proceedings as are consistent with this opinion.

All Justices concur.