**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Harley H. DOUGHTY and the State Industrial Court, Respondents.**

**No. 48283.**

Supreme Court of Oklahoma.

Oct. 19, 1976.

Rehearing Denied Jan. 18, 1977.

Sam Hill, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Ben A. Goff, Oklahoma City, for respondents.

IRWIN, Justice.

The Special Indemnity Fund seeks review of a State Industrial Court order adjudicating Harley H. Doughty (claimant) to be totally and permanently disabled, and entering an award against Fund under 85 O.S.1971 § 172. Fund challenges the order on the grounds that in a previous proceeding claimant was adjudicated totally and permanently disabled and an award was entered against it. Fund contends claimant is not entitled to another award because there could have been no material increase in claimant's total and permanent disability.

In 1969, claimant injured his right shoulder, neck, lower back, right leg and knee and his claim was settled ($3,000.00) by joint petition. In 1971, claimant sustained further injuries to his back and this claim was settled ($4,500.00) by joint petition. Claimant then proceeded against Fund. In July, 1972, claimant was adjudicated to be totally and permanently disabled and an award (83 weeks) was entered against Fund pursuant to 85 O.S.1971 § 172. This award became final and was paid out in February, 1974.

In June, 1973, claimant resumed employment and in September, 1973, sustained injuries to his elbow, shoulder and upper back. The claim for this injury was settled ($4,000.00) by joint petition and claimant again proceeded against Fund.

In the order on review, the Industrial Court found that prior to the September, 1973 injury, claimant had been adjudicated totally and permanently disabled but by "reason of his physical constitution, he was able to and, in fact, did achieve recovery to the extent that he was no longer permanently and totally disabled at the time of his latest compensable injury."

The Industrial Court then found that claimant, at the time he sustained his last injury, was 60% permanently partially disabled; and had sustained 16% permanent partial disability (80 weeks) for the last injury (settled on joint petition). Based

on a finding that claimant was then 100% totally and permanently disabled an award was entered against Fund for 120 weeks, an increase of 24% permanent disability to the body as a whole.

Section 172, supra, is applicable only to a "physically impaired person" as defined by 85 O.S.1971, § 171, (amended in 1975) who "receives an accidental personal injury * * * which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone." The employee receives full compensation for the disability resulting directly and specifically from such subsequent injury from the employer, " * * * and in addition thereto such employee shall receive full compensation for his combined disability * * * after deducting therefrom the percent of that disability that constituted the employee a 'physically impaired person,' * * * as defined * * * " in the Act.

Where an employee sustained an accidental personal injury and proceeds against the Fund on the theory he was a "physically impaired person" at the time of the accident, because of a previous adjudication by the State Industrial Court, such previous adjudication "shall be prima facie evidence that the claimant is a 'physically impaired person' to such an extent that the State Industrial Court * * * shall have jurisdiction to hear and determine the nature and extent of an increase in disability by reason of the combination of such multiple disabilities." 85 O.S.1971 § 171. Therefore, State Industrial Court's adjudication, in July, 1972, finding claimant totally and permanently disabled constituted prima facie evidence claimant was a "physically impaired person" within the purview of § 171, at the time he sustained his subsequent injury on September 6, 1973.

There is no statutory provision which would require the State Industrial Court to give conclusive weight to the prior adjudication of the percentage of permanent disability. On the contrary, this prior adjudication constitutes only prima facie evidence that claimant is a "physically impaired person."

The extent of claimant's previous permanent disability at the time of September, 1973, injury was a factual issue to be resolved by the State Industrial Court. Competent medical evidence was admitted to support claimant's percentage of recovery from his prior injury. Although Fund challenges the correctness of the award on legal grounds, Fund does not contend that the record will not support the adjudication of 60% disability at the time claimant sustained the September, 1973 injury.

Fund contends that the order entered against it on July 26, 1972, was paid in full on February 20, 1974,—some nine months after claimant returned to work—and claimant may not assert he was not totally and permanently disabled during the period of time he accepted benefits based on an adjudication that he was totally and permanently disabled.

The purpose of the Workmen's Compensation Act is to indemnify an injured workman for loss of earning power and disability to work and not to indemnify him for a physical ailment. *Service Pipe Line Company v. Cargill*, 289 P.2d 961 (Okl.1955). Under the July 26, 1972 order claimant received compensation through February 20, 1974, which indemnified him for loss of earning power and disability to work based on an adjudication that he was totally and permanently disabled. However, the record reflects that in June, 1973, claimant resumed his employment as a driller. It follows claimant received benefits from Fund, based upon an adjudication of total and permanent disability, when in fact he was not totally and permanently disabled. Claimant may not assert his right to receive benefits under the July 26, 1972 order after he returned to work in June, 1973. The record, which claimant relies upon to sustain the award in the instant proceeding, conclusively refutes claimant's claim that he was totally

and permanently disabled on June, 1973, and entitled to be paid the award under the July 27, 1972 order. Fund is entitled to credit for the payments made after claimant returned to work.

The order is vacated and the cause is remanded with directions to the State Industrial Court to determine the number of weekly payments made by Fund pursuant to the July 26, 1972 order after claimant returned to work and deduct such number of weeks from the award.

AWARD VACATED WITH DIRECTIONS.

WILLIAMS, C. J., HODGES, V. C. J., and LAVENDER, BARNES, SIMMS, and DOOLIN, JJ., concur.