**SHADID FOUNDRY and the State Insurance Fund, Petitioners,**

v.

**Jack MEADOR, Respondent.**

**No. 76450.**

Court of Appeals of Oklahoma, Division No. 3.

July 9, 1991.

Rehearing Denied Aug. 27, 1991.

Steve S. Smith, Fred Nicholas, Jr., State Ins. Fund, Oklahoma City, for petitioners.

Michael J. Harkey, Oklahoma City, for respondent.

## MEMORANDUM OPINION

JONES, Judge:

The Respondent, Jack A. Meador, sustained an injury to his back on July 11, 1988, which required two surgeries. The trial court found him totally and permanently disabled based upon his education and physical condition on July 2, 1990. This decision was appealed to a three judge panel which held the order of the trial judge was not against the clear weight of the evidence.

Petitioners, Shadid Foundry and The State Insurance Fund, seek reversal of the trial panel's decision. The basis of this proceedings is Petitioners' assertion that the panel erred in failing to make a finding of respondent's pre-existing disability as illustrated by *J.C. Penny v. Crumby*, 584 P.2d 1325 (Okl.1978).

The factual basis for this argument is the Claimant had been adjudicated to have a 58% permanent disability to the body as a result of a 1976 back injury. Petitioner argues the failure to determine pre-existing disability leaves unanswered the question of what amount of total disability would have accrued from the 1988 accident alone.

However, the trial judge found the Claimant totally and permanently disabled as a result of the July 11, 1988, accidental personal injury arising from employment with the Petitioner and this decision was affirmed by the three judge panel. This Court has examined the transcript and supporting medical reports and concludes this determination is supported by competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984).

Petitioner refers this Court to *J.C. Penny v. Crumby*, supra, to demonstrate the error in this award. *Crumby* however, is materially different. In that case, Claimant's doctor did not notice in his report the fact of a previously adjudicated disability. Here, the Court appointed physician's report notes the previous 58% adjudication and found Claimant permanently totally disabled *"because of this most recent injury and his two subsequent surgeries"*. As recognized in *Special Indemnity Fund v. Doughty*, 558 P.2d 396 (Okl.1977), an adjudication of permanent disability determines the rights and liabilities of the parties in that proceeding but is not an adjudication of Claimant's physical condition in the future. Claimant had been employed for ten years after the first adjudication. It is apparent that the medical examiner, the trial judge and the three judge panel determined the Claimant to have been rehabilitated in order for this recent injury to have caused a total and permanent disability.

In all material aspects this case is similar to *Word Industries and Employers National Insurance Co. v. Bobby Keeling and the Workers' Compensation Court* (unpublished) #74,352, (July 24, 1990), from Division III of the Oklahoma Court of Appeals. The same objection to the com-

**1154**

pensation award is made in the case at issue now and in *Word Industries,* supra. In *Word* the Appellate Court said the fact that the Court found Claimant totally permanently disabled as a result of the 1987 injury forclosed any argument that a specific finding should have been made as to what portion of the 100% disability was attributable to each; the earlier and the later injury, as was spoken of in *Crumby.*

AWARD SUSTAINED.

HUNTER, C.J., and HANSEN, P.J., concur.