## BURNETT HAUERT LUMBER CO. et al. v. THOMPSON et al.

No. 28912.   Oct. 10, 1939.

Rehearing Denied Nov. 7, 1939.

Butler, Brown & Rinehart, of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action in this court brought by Burnett Hauert Lumber Company and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award entered by the State Industrial Commission under date of September 13, 1938, in favor of Harvey Thompson, hereafter referred to as respondent.

The essential facts are not in dispute. The respondent had been in the employ of the petitioner Burnett Hauert Lumber Com-

pany approximately four months when he was accidentally injured. The petitioners furnished medical attention and hospital care and paid compensation at the rate of $8.46 per week during the period of resulting temporary disability. · The respondent thereafter applied to the State Industrial Commission for a determination of the extent of his disability and rate of compensation to which he was entitled.

At the hearings held for the aforesaid purpose the evidence adduced revealed substantially the following state of facts: The respondent, when a child, had an attack of infantile paralysis which left him with a deformed right foot. Nature had partially compensated this condition and respondent had been able to perform manual and mechanical labor required around saw mills and to successfully compete upon substantially even terms with others employed in the same or similar industries and had been successful in so doing for a number of years. At the time respondent was injured he was working as a sawyer in the mill of · the petitioners and was receiving $3 per day as wages. Previously his wages had been from $2.50 to $3 per day during the days when he was employed. The mills usually operated only one-half to two-thirds of each month; that the wages received by the respondent during the year preceding the injury ranged from $30 to $42.90 per month; that respondent had entered the employ of petitioner Burnett Hauert Lumber Company upon the basis of an able-bodied worker and had been so considered, treated, and paid while in such employment; that like workers in the same or similar industries, who were employed substantially the whole of the year, were paid approximately the same daily wage received by the respondent; that the injury had resulted in the loss of respondent's right arm at the shoulder, a considerable portion of his right clavicle, a partial loss of use of his left arm, and in an injury to his jaw and the loss of several teeth and some injury to his neck and back; that as the result of the injury so received respondent had been wholly deprived of his ability to thereafter follow continuously any gainful occupation. Under the facts outlined the Industrial Commission made the following findings of fact:

"(1)   That on the 23rd day of June, 1937, the claimant was in the employment of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law and that on said date, he sustained an accidental injury to his left arm, shoulder, jaw, back, neck, head and right arm, arising out of and in the course of his employment with the respondent herein.

"(2)   That at the time of said accidental injury, the claimant had not worked in the employment of this respondent during substantially the whole of the year preceding said accidental injury, but that the year preceding said accidental injury, the average daily wage of an employee of the same class of employment that the claimant was engaged in at the time of said accidental injury, working substantially the whole of said year, in the same or similar employment, in the same or a neighboring place was $2.40 per day.

"(3)   That the claimant was treated by the respondent and its insurance carrier to November 20, 1937, and was paid compensation for temporary total disability at the rate of $8.46, up to and including the 13th day of January, 1938.

"(4)   That in said accidental injury the claimant's right arm was torn off at the shoulder, destroying the ligaments, surrounding the right shoulder, the right shoulder blade, injuring his collar bone, neck and also an injury to his back and left arm.

"(5)   That as a further result of said accidental injury, the claimant is and has been since the date of said accidental injury permanently and totally disabled from the performance of ordinary manual labor and is now and has been since the date of said accidental injury, unable to engage in any gainful occupation."

In accordance with the foregoing findings, the State Industrial Commission awarded compensation for permanent total disability at the rate of $9.23 per week.

The petitioners, as grounds for the vacation of said award, urge in substance: (1) That the competent evidence does not support the finding of permanent total disability as the result of the accidental injury; and (2) that the commission proceeded improperly in computing the rate of compensation.

The first contention advanced is based upon the fact that respondent had a deformed foot prior to his injury, and the claim that therefore he was partially disabled and hence not a whole man and that consequently the authority of the Industrial Commission to make an award was limited to one for permanent partial disability. In this connection the petitioners ignore the fact that compensation provided by the Workmen's Compensation Law (O. S. 1931, sec. 13348, as amended, et seq., 85 Okla. St. Ann. § 1, et seq.) is not to recompense for injury sustained, but is to provide payment of compensation in lieu of wages. The

respondent prior to his injury as above pointed out was able to compete upon substantially even terms with other able-bodied workers and was received and accepted as a mill hand. After his accidental injury he was wholly deprived of all ability to labor and perform work. In this respect he was in no different situation than had he never had the deformed foot, hence such deformity became immaterial. Under these circumstances the case of Nelson & Miller Engineering Co. v. Davis, 165 Okla. 196, 25 P.2d 696, and other cases of like nature cited by petitioners, differ both in fact and principle from the situation here involved.

Subdivision 1, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 1, declares that certain injuries constitute permanent total disability in the absence of conclusive proof to the contrary, and then provides "in all other cases permanent total disability shall be determined in accordance with the facts." Thereunder the State Industrial Commission is authorized to make an award for permanent total disability in all cases where the facts warrant such an award. It is not necessary that an injured employee be reduced to a state of total dependency before he is entitled to an award for permanent total disability. Whenever the injury is of such nature as to deprive him of ability to thereafter follow continuously any substantially gainful occupation, an award for permanent total disability may be properly made. Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P.2d 44. We are of the opinion, and hold, that the award for permanent total disability in the case at bar is supported by competent evidence in the record.

The remaining contention of petitioners is largely an outgrowth of the matters urged and discussed under the first contention advanced, in that the petitioners insist that by reason of the deformity the respondent was removed from the operation of the provisions of section 13355, O. S. 1931, 85 Okla. St. Ann. § 21, and relegated to subdivision 6 of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 6. Since, as heretofore pointed out, the earning capacity of the respondent prior to his injury was equivalent to that of other able-bodied workers, and he was employed on this basis, we are of the opinion that said subdivision 6, supra, has no application, and that therefore the average annual earnings and average weekly wage of the respondent were properly ascertainable in the manner directed by section 13355, O. S. 1931, 85 Okla. St. Ann. § 21. Under the evidence in the record the commission might have properly proceeded under subdivision 1 rather than under subdivision 2 of the statute, as it apparently did. However, the error, if any, in so doing appears to be immaterial, and, if any, one in favor of the petitioners, and therefore one concerning which petitioners are not entitled to complain. The order and award being in all material respects proper and in conformity to law, it will not be disturbed.

Award sustained.

WELCH, V. C. J., and OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and RILEY and GIBSON, JJ., absent.