O. C. WHITAKER, Inc., et al. v. DILLINGHAM et al.

No. 31044. March 2, 1943.

*134 P. 2d 588.*

Mont R. Powell and L. B. Moore, both of Oklahoma City, for petitioners.

H. C. Thurman, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by O. C. Whitaker, Inc., and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award which was made by a trial commissioner and affirmed by the State Industrial Commission in favor of W. R. Dillingham, hereinafter referred to as respondent.

The essential facts as shown by the record will be briefly stated. On November 27, 1935, the respondent sustained a compensable accidental personal injury. The petitioner furnished necessary medical attention and paid compensation for the temporary total disability which resulted from said injury. The State Industrial Commission thereafter conducted hearings to determine the extent of permanent disability which had resulted from the injury, and on December 2, 1936, entered an award in favor of the respondent for a permanent partial disability under the "other cases" provision of the statute. (85 O. S. 1941 § 22, subd. 3.)

The award so made was for the maximum period and rate for which it could be made for the type of disability involved and was based upon the conclusion and findings by the commission, among other appropriate findings, that temporary total disability had ended about four months theretofore, and that a permanent partial disability existed justifying the award. Although the award purported to relate back about four months to the time temporary total disability ended, the award also contained the ambiguous or erroneous statement that at the time of the award there existed no wage-earning capacity.

The award so made became final and the petitioners paid and satisfied the same in full in due course. Thereafter, on January 6, 1942, the respondent filed with the Industrial Commission an application to reopen his case and to be awarded further compensation for an alleged change in condition which had resulted in permanent total disability since the last prior award of the commission. The petitioners contested this application and at the hearings held thereon offered evidence to prove that respondent's condition had not changed either physically or with respect to his capacity to labor and earn wages, and that he was still merely permanently partially disabled. The respondent offered evidence to sustain the contention that he had undergone physical change in condition since the last prior award of the commission, and that such change was attributable to the original injury and had resulted in a further impairment to labor and earn wages in that he had become permanently totally disabled. The evidence was in conflict in many material respects. The trial commissioner before whom the hearing was conducted found that respondent had undergone a change in condition subsequent to the last prior award of the commission, and that such change in condition had resulted in a permanent and total disability, and awarded respondent compensation for 165 weeks and four days which remained within the 500-week period for which an award of permanent total disability would have been permissible. This award was, on appeal, affirmed by the State Industrial Commission sitting en banc.

The petitioners contend that said award is erroneous and illegal for the reason that the finding of change in condition is unsupported by any competent evidence shown in the record and for the further reason that the condition of respondent had been adjudicated in the award of December 2, 1936, and such award having become final, the commission was thereafter without jurisdiction to make any further award to the respondent. The first contention so advanced is predicated

upon a comparison of the medical evidence which was adduced at the hearings which culminated in the award of December 2, 1936, with the medical evidence which was adduced at the hearings which culminated in the award under review. Petitioners urge that such comparison shows that the respondent had undergone no appreciable change in condition during the interim, and that therefore there existed no basis for an additional award, and cite as supporting such contention the cases of Brown Bros. v. Parks, 176 Okla. 615, 56 P. 2d 883; Texas Co. v. Atkinson, 178 Okla. 480, 62 P. 2d 1204; Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 P. 706; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031; Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. 2d 67. An examination of the cases cited will reveal that they are authority for the rule that a change in condition which will authorize an additional award for a disability under the "other cases" provision of the statute, supra, must be one which results in additional disability to labor and earn wages. The rule so announced is a wholesome one, and we adhere thereto, but it is inapplicable to the award here under review. The evidence adduced at the hearings which culminated in the award of December 2, 1936, and the evidence adduced at the hearings which culminated in the award now under review was in conflict in both instances, both as to the degree of disability which the respondent had sustained and the extent to which his wage-earning capacity had been destroyed. Under these circumstances the degree of disability in connection with the first award as well as to whether there had been a change in condition subsequent thereto was one which the State Industrial Commission had continuing jurisdiction to determine. Stanolind Pipe Line Co. v. Brewer, 185 Okla. 578, 95 P. 2d 625. The contention of the petitioners that the award is unsupported by competent evidence is wholly untenable.

We next consider the contention of the petitioners to the effect that the award of December 2, 1936, by reason of the finding therein that respondent then had no earning capacity, rendered the award in effect one for permanent total disability which when final precluded the State Industrial Commission from thereafter making any further award. In support of this contention petitioners cite Myers Drilling Co. v. Jones, 184 Okla. 16, 84 P. 2d 40; Southwestern States Tel. Co. v. State Industrial Commission, 181 Okla. 533, 75 P. 2d 468; Pioneer Drilling Co. v. Morphis, 183 Okla. 424, 82 P. 2d 1048. An examination of the cited cases will reveal that they are authority for the rule that a finding of entire loss of earning capacity is erroneous where an award had been made for permanent partial disability under the "other cases" provision of the statute. These authorities, however, do not sustain a contention that an award made for permanent partial disability upon appropriate findings constitutes or is converted into an award for permanent total disability merely because there is set out therein the ambiguous or erroneous statement or finding that at the time of the award there was no earning capacity. Those authorities do not sustain petitioner's contention that the award here reviewed was an award for permanent total disability which could not thereafter be further considered by the State Industrial Commission. The reason is obvious, the award for permanent partial disability under the "other cases" provision being for a decrease in wage-earning capacity; whereas an award for permanent total disability is proper only where there has been an entire and apparently permanent total loss of ability to follow continuously some substantially gainful occupation without serious discomfort or pain and without material injury to health or danger to life. Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44.

The record before us presents no error of law, and the award appears to have been made in proper exercise of continuing jurisdiction of the com-

mission, and therefore will not be disturbed.

Award sustained.

CORN, C. J., GIBSON, V. C. J., and WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.