O. C. WHITAKER, Inc., et al. v.
DILLINGHAM et al.

No. 31727.   Oct. 17, 1944.

*152 P. 2d 371.*

Mont R. Powell, of Oklahoma City, T. D. Lyons, of Tulsa, and L. B. Moore, of Oklahoma City, for petitioners.

Rex H. Holden, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by O. C. Whitaker, Inc., and its insurance carrier, the State Insurance Fund, hereinafter referred to as petitioners, to obtain review of an order made by a trial commissioner and adopted and affirmed by the State Industrial Commission which directed certification of an award to the district court.

The facts involved are not in dispute. On May 2, 1942, the State Industrial Commission made an award in favor of W. R. Dillingham for a permanent total disability and directed payment of a portion of compensation so awarded to H. C. Thurman, attorney for the claimant. The award so made was affirmed by the State Industrial Commission, and on review by this court was sustained. See O. C. Whitaker, Inc., v. Dillingham, 192 Okla. 150, 134 P. 2d 588. On receipt of the mandate in the above case the State Industrial Commission, on March 19, 1943, ordered the same spread of record and directed payment to be made in the manner provided in the original award. In accordance with said order payments were made to the claimant for a time, and thereafter on May 4, 1943, the claimant filed with the commission an application to have the balance due under the award commuted to a lump sum and paid to him as such. The application so made was heard without notice to and in the absence of the attorney, who was on duty in United States Army, and on May 6, 1943, the commission entered an order, the pertinent portion of which reads as follows:

"It is therefore ordered: By said Trial Commissioner that within 20 days from the filing date of this order said respondent and/or insurance carrier pay to claimant in one lump sum $9,000.00, less any and all sums heretofore paid claimant herein for the permanent and total disability hereinbefore awarded to claimant by the order of this commission dated May 2, 1942, and affirmed by the Supreme Court of the State of Oklahoma under date of March 2, 1943."

Upon entry of the foregoing order the petitioners paid the balance due under the award of May 2, 1942, including the sum directed to be paid by them to claimant's attorney, to the claimant. Thereafter, on October 7, 1943, H. C. Thurman filed with the State Industrial Commission an application in which he called attention to the fact that petitioner had been directed to pay him a certain sum out of the compensation awarded to the claimant, and that they had failed to do so and had refused to make such payment, and in which he requested that the award be certified to the district court of Oklahoma county

showing the attorney fee therein provided to be due and unpaid. Hearings were held upon said application and much evidence was introduced in connection therewith, most of which consisted of the record of the prior proceedings, and at the conclusion of said hearings the trial commissioner made and entered the following findings of fact and order:

"1. That on May 2, 1942, an award was made to claimant for disability and to H. C. Thurman, attorney for claimant, for an attorney fee in the sum of $594; that said award was appealed as a whole to the Supreme Court of Oklahoma; that on March 2, 1943, the Supreme Court affirmed said award, and on March 18, 1943, issued mandate to this commission, which mandate was, on March 19, 1943, spread of record in the journal and records of this commission;

"2. That said award has not been paid as to said attorney fee so awarded;

"3. That as a matter of law said award of May 2, 1942, as to said attorney fee became a lien on said compensation award to claimant;

"4. That the application of the said H. C. Thurman to certify said award to the court clerk of Oklahoma county, Oklahoma, should be granted and allowed;

"5. That as a matter of law the order of March 19, 1943, spreading said mandate of record, the order of May 6, 1943, commuting said award to a lump sum payment in no way or manner released, vacated or cancelled said award for the attorney fee of $594, or released, vacated or cancelled the lien on said award for said attorney fee; that the said attorney fee is now due and unpaid, and should be paid, and movant is entitled to have said award certified to the court clerk of Oklahoma county, Oklahoma;

"It is therefore ordered: By said trial commissioner that the secretary of this commission forthwith proceed to certify said award of May 2, 1942, as provided by law for filing and entering by the clerk as a judgment on the judgment docket of the district court of Oklahoma county, Oklahoma."

Petitioners appealed to the State Industrial Commission sitting en banc, and on review of the record and after oral argument the findings of fact and order of the trial commissioner were adopted and approved as the findings of fact and order of the commission in said matter. This was done on January 18, 1944. The last mentioned order is the one which we are now called upon to review.

The petitioners as grounds of error and illegality in said order submit the following proposition:

"Petitioners contend that the State Industrial Commission was without jurisdiction to make and enter the orders of December 2, 1943, and January 18, 1944, wherein the secretary of said commission was directed by said orders to certify to the court clerk of Oklahoma county, Oklahoma, a certified copy of a previous order and award of May 2, 1942, for the reason that said award of May 2, 1942, has been fully complied with under subsequent orders of the commission and according to the laws governing the same, and that the portion of said order wherein attorneys fee is awarded to H. C. Thurman is null and void and, therefore, unenforceable, all of which makes the orders of the State Industrial Commission of December 2, 1943, and January 18, 1944, null and of no force and effect."

Under the foregoing proposition petitioners urge that the provision for attorney's fee contained in the award of May 2, 1942, was, in effect, a judgment which the commission was without jurisdiction to enter for the reason that an examination of the record in connection with the original award discloses that there was no claim for attorney fees asserted in that proceeding, and hence such portion of the award was void. In support of the contention so made, our attention is directed to Southwestern Surety Ins. Co. v. Farriss, 118 Okla. 188, 247 P. 392; 31 Am. Jur. § 431; 3 Am. Jur. § 1161; Pioneer Land Co. v. Maddux, 109 Cal. 633, 42 P. 295; Pennell v. Superior Court, 87 Cal. App. 375, 262 P. 48; Adams v. Adams, 154 Mass. 290, 28 N.E. 260; Burch v. Slick, 167 Okla. 639, 31 P. 2d 110; Conrad v. State Industrial

Commission, 181 Okla. 324, 73 P. 2d 858; Oklahoma City v. Robinson, 179 Okla. 309, 65 P. 2d 531; Hinkle v. Jones, 180 Okla. 17, 66 P. 2d 1073; Jefferson v. Gallagher, 56 Okla. 405, 150 P. 1071, and a number of other decisions from this and other jurisdictions which are authority for the general rule that a judgment which a court has no jurisdiction to render is void and the affirmance thereof does not operate to give it force or validity. The rule so announced is sound and we adhere thereto, but it is wholly inapplicable to the issue here involved. The award of May 2, 1942, was brought to this court for review and sustained. There was no contention there made that the provision relative to payment of attorney's fee was illegal in any respect, and neither the claimant nor the attorney involved questioned either the manner in which said claim for attorney fees had been asserted or the reasonableness thereof. The petitioners here, who were petitioners in the case of O. C. Whitaker, Inc., v. Dillingham, supra, likewise made no contention regarding the validity of the provision relative to the payment of such attorney fees. It is settled doctrine that where an award, order, or decision of the State Industrial Commission has been reviewed and sustained by this court, it thereupon becomes binding and conclusive upon all of the parties and those in privity with them. See White v. Shell Oil Co., Inc., 193 Okla. 374, 143 P. 2d 825. If the provision incorporated in the award of May 2, 1942, was erroneous in any respect, it was an error of which petitioners were not in position to complain, as the claimant and his attorney were bound thereby in the absence of proceedings brought to review the order. Smith v. Oklahoma Portland Cement Co., 191 Okla. 12, 126 P. 2d 718. The order which the petitioners have brought here for review merely required payment to the claimant of the amount due him under the original award and did not direct payment to him of the amount which petitioners had been directed to pay his attorney. The record discloses that petitioners were fully aware of the provision in the original order which required them to make payment of a certain portion of the compensation awarded to the claimant's attorney and that their failure to make such payment was due to either oversight or inadvertence and in no manner pursuant to any direction or order of the State Industrial Commission. The award as made was one which the State Industrial Commission had jurisdiction to make. See Hickman v. Gumerson, 190 Okla. 514, 125 P. 2d 765, and no error has been made to appear therein. The petitioners may not by reason of their inadvertence or mistake deprive the attorney of fees to which he was entitled. See Helmerich & Payne v. State Industrial Commission, 187 Okla. 225, 102 P. 2d 586.

Since no error of law has been made to appear in the order under review, the same will be and is hereby sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.