LUIGI SCIALO *d.b.a.* SCIALO BROS. *vs.* MICHELE LUISI. MICHELE LUISI *vs.* PEERLESS INSURANCE COMPANY.

MAY 25, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. These are two petitions which were consolidated for hearing before the workmen's compensation commission. The first case, Equity No. 2754, is an employer's petition to review a preliminary agreement as modified by a decree of the commission. The second case, Equity No. 2755, is an original petition brought by the employee for benefits under the workmen's compensation act. The cases are here on the employee's appeal from a decree of the full commission in each case and on the appeal of the respondent Peerless Insurance Company from a decree of the full commission in the second case.

It appears from the record that on March 19, 1956 Michele Luisi, hereinafter called the employee, suffered a compensable shoulder injury while in the employ of Luigi Scialo d.b.a. Scialo Bros., hereinafter referred to as the employer. Thereafter a preliminary agreement was entered into between the employee, the employer, and Massachusetts Bonding and Insurance Company, hereinafter called Massachusetts Bonding, whereby the employee received weekly payments of $32 for total incapacity based on an average weekly wage of $70. Subsequently, on an employer's petition for review, this agreement was modified by a decree reducing the employer's liability to compensation for partial incapacity, whereupon the employee returned to light work for which he received $1 per hour. It appears that while thus engaged he worked from 28 to 34½ hours per week. On January 22, 1958 while doing such light work he injured his right knee and has been totally disabled since that time by reason thereof.

On March 18, 1958 Massachusetts Bonding filed a petition for review in Equity No. 2754 alleging that the disability resulting from the shoulder injury had terminated and that on information and belief the employee was totally disabled by reason of the knee injury for which he was receiving total disability payments from Peerless Insurance Company, hereinafter called Peerless, a succeeding insur-

ance carrier of the employer. On April 17, 1958 the employee filed an original petition in Equity No. 2755 against Peerless seeking total incapacity benefits for the knee injury.

These petitions were consolidated for hearing before a single commissioner. In Equity No. 2754 both parties appealed to the full commission from a decree denying and dismissing the employer's petition to review, thereby continuing partial compensation payments of $22 per week by Massachusetts Bonding. In Equity No. 2755 only the employee appealed from a decree awarding $10 weekly against Peerless to bring the total payments to the employee to $32. The decrees were modified by the full commission to limit the payments by Massachusetts Bonding to $8 weekly and, retroactive to the date of the knee injury, allowing a credit to it for overpayments of $14 weekly made under prior decrees, and ordering payments by Peerless of $24 weekly for total incapacity dating from the time of the knee injury. As previously stated, the employee has appealed from the decrees of the full commission in both cases and Peerless has appealed from the decree of the full commission in Equity No. 2755.

We shall first consider the appeals of the employee together, as he did in his brief. Essentially he contends that since there are two injuries he should receive two awards. These would exceed the maximum payments for one injury causing total incapacity. In support of this position he relies largely on our decision in *Gehring* v. *Nottingham Lace Works, Inc.*, 82 R. I. 190, wherein we held that a dependent of a deceased employee, who died as a result of an injury arising out of and in the course of concurrent employments with each of *several separate* employers, was entitled to a full award against each employer, without contribution.

We cannot agree that this decision supports his argument against application of the maximum limitation for total incapacity which occurs at a time when an employee is re-

ceiving partial incapacity benefits from the *same* employer. On the contrary, we clearly pointed out that the employers in the *Gehring* case were not "joint" but concurrent, that each paid the employee a salary, and that he performed services for each on separate contracts of employment. We did not hold that any individual employer could be held responsible for an award in excess of the maximum.

It is well established that an employee sustaining a compensable injury will be compensated by his employer only for loss of earning capacity, *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309, and the act limits the liability of the employer to a maximum of $32 weekly for total incapacity and $22 weekly for partial incapacity.

The employee makes the further argument that in Equity No. 2754 the full commission allowed to Massachusetts Bonding a credit for all payments in excess of $8 per week since the date of the second injury. This allowance, he contends, results in Massachusetts Bonding being able to withhold all payments for over a year during which time the employee will receive only $24 weekly from Peerless while he is totally incapacitated. However, what he overlooks is that while allowing credit to Massachusetts Bonding for its overpayments in Equity No. 2754, the commission allowed a retroactive award against Peerless in Equity No. 2755 for its underpayments during the same period, thereby balancing the payments in a manner which assures the employee the full measure of compensation to which he is entitled. The employee's contentions in this regard are without merit and in each case his appeal is denied and dismissed.

We now come to the appeal of Peerless in Equity No. 2755. It assigns six reasons of appeal but briefs them under two issues as follows: "1. Is the employee entitled to receive partial compensation payments and, in addition, total compensation payments at the same time from the same employer or its carrier? 2. Assuming that the claim-

ant cannot receive awards exceeding the maximum total award set forth in the Act, how will compensation be apportioned between successive carriers for successive injuries?"

The first issue raises the same question we have discussed in the appeals of the employee. This was resolved in the negative and therefore requires no further consideration.

We perceive no question of apportionment which can be raised by respondent Peerless Insurance Company. Its contract with the employer as it relates to this employee obligates it to the weekly payment of $24 for total incapacity based on an average weekly wage of $40. The award is not in excess of that amount for which said respondent is or can ever be responsible. Therefore it has no basis for complaint.

The appeals in both causes are denied and dismissed, the decrees appealed from are affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings.

*Carroll & Dwyer, Robert L. Kiernan,* for Luigi Scialo d.b.a. Scialo Bros.

*John Quattrocchi, Jr.,* for Michele Luisi.

*Higgins & Slattery, John H. Slattery,* for Peerless Insurance Company.