[Civ. No. 40806. First Dist., Div. One. June 10, 1977.]

STATE COMPENSATION INSURANCE FUND et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD,
WILLIAM H. HURLEY et al., Respondents.

**COUNSEL**

James J. Vonk, George S. Bjornsen, Arthur Hershenson and Robert A. LaPorta for Petitioners.

Richens L. Wootton, Thomas C. Cockle, Arnold H. Mentz, Thomas M. Finn, Sedgwick, Detert, Moran & Arnold and Francis V. Clifford for Respondents.

## OPINION

**ELKINGTON, J.**—William H. Hurley, a welder, in the course of his employment, April 30, 1959, to January 5, 1973, by Kauth Bros., Inc., suffered injuries on a cumulative basis, to his eyes, ears and lungs from exposure, respectively, from the heat and flashes of welding torches, the noises of the shop in which he worked, and the dust and fumes there inhaled by him. He filed separate applications with the Workers' Compensation Appeals Board (hereafter Board) for each of the three described injuries.

From its "Schedule for Rating Permanent Disabilities" (see Lab. Code, § 4660), the Board made separate and permanent disability awards to Hurley for the injuries to his eyes (64 percent), his ears (15 percent) and his lungs (84 percent), for a total of 163 percent. He thus received awards of workers' compensation 63 percent greater than is ordinarily allowed a totally and permanently disabled worker, according to Labor Code sections 4658 and 4659.

Hurley had contended, and the Board agreed, that on the authority of Labor Code section 4750, *Smith* v. *Industrial Acc. Com.* (1955) 44 Cal.2d 364 [282 P.2d 64] and *Pacific Gas & Elec. Co.* v. *Ind. Acc. Com.* (1954) 126 Cal.App.2d 554 [272 P.2d 818], "an employee can receive compensation for permanent disability in excess of 100% where more than one injury is involved."

■ On the petition of Hurley's employer and its insurance carrier, State Compensation Insurance Fund, we review the legality of the Board's awards. Those petitioners contend simply that: "An applicant who is employed as a welder for one continuous period of time and is exposed to heat, noise, and fumes, resulting in injuries to his eyes, ears, and lungs, is not entitled to receive a combined cumulative permanent disability rating in excess of 100%."

We have concluded that this contention correctly states the law and that the Board's awards, insofar as they direct payment of workers' compensation in excess of that authorized for 100 percent permanent disability, must be annulled. Our reasons follow.

Initially we take notice of Labor Code section 3208.1 which, as here relevant, states that an industrial "injury may be ... 'cumulative,'

occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability . . . ."

■ ■■■And, of course, we are confronted with the inexorable logic of petitioners' contention that a worker cannot, at one time, suffer more than total, or 100 percent, permanent industrial disability.[1]

We turn to a consideration of the authority relied upon by Hurley and the Board.

In *Pacific Gas & Elec. Co.* v. *Ind. Acc. Com., supra,* 126 Cal.App.2d 554, 556, the worker in 1942 was awarded 25½ percent partial permanent disability. In 1951, working for a different employer, he suffered unrelated industrial injuries which were rated as causing a 77 percent permanent disability, and such an award was accordingly made. The employer of that case had contended "that the commission has no power to award a percentage of permanent disability in excess of 100 per cent to an individual employee, and argues that if the permanent disability rating of 25½ per cent added to 77 per cent the total is 102½ per cent." The reviewing court disagreed, stating: "Section 4750, Labor Code, provides as follows: 'An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive [from the employer] compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment. [¶] The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury *as though no prior disability or impairment had existed.*' [The emphasis is by that court.] [¶] From a study of section 4750 we must conclude that in cases such as the present, the commission must consider the later injury apart from the prior disability, and it must not be considered in relation to the prior injury or impairment in determining the rating." (126 Cal.App.2d, p. 556.)

---

[1]"It is entirely logical to maintain that an employee can be only 100 per cent incapacitated for work at any given time. And under the commission's rating schedule an employee cannot be more than 100 per cent permanently disabled, in any one accident. Nor can he be more than 100 per cent permanently disabled by a series of accidents as measured by the commission's rating schedule when ratings are combined, even though if added they total over 100 per cent." (*Pacific Gas & Elec. Co.* v. *Ind. Acc. Com., supra,* 126 Cal.App.2d 554, 557.)

The same principle was elaborated in the remaining case relied upon by Hurley and the Board, *Smith* v. *Industrial Acc. Com., supra,* 44 Cal.2d 364. There, as a result of injuries attending Smith's employment as a longshoreman, the commission's rating bureau had rated him as having a 100 percent permanent disability, and a commensurate award was granted. On a new job some years later as a sweeper, he lost part of his right hand's little finger for which he "received a permanent disability rating of 5¼ per cent." On account of the earlier 100 percent permanent disability, the commission refused any further award. The Supreme Court determined that by virtue of Labor Code section 4750 and other authority: "It is settled law in this state that an employe may receive a permanent disability rating of 100 per cent and be entitled to the disability payments incident to such rating although he is able to return to work at the wages he received before the injury which caused disability. '[T]he right to compensation is not lost or diminished by the injured employee's return to work at the same or a different wage than that theretofore earned by him. The statute does not require a showing of loss of earning power as a prerequisite to the payment of compensation for a permanent disability, but, on the contrary, provides for the payment in installments of a fixed and definite sum of money therefor.' " (44 Cal.2d, p. 367.) Under the circumstances of that case, where the subsequent injury and permanent partial disability were wholly unrelated to the first in time and nature, the court held, "[I]t appears socially desirable and juridically proper to give the words 'permanent partial disability' as used in section 4751 a liberal construction extending its benefits to the disabled employe. If an employe may properly be rated at 100 per cent disability, to qualify him for the basic form of workmen's compensation, even though his earning power has not in truth, for practical purposes, been impaired, it should be at least equally permissible to penetrate the fiction of 100 per cent disability and accept the truth of his remaining earning ability so that the further truth of a subsequent injury with increased actual disability may be compensated . . . ." (44 Cal.2d, p. 370, fn. omitted.)

It will be observed that each of these authorities purports only to permit combined workers' compensation, beyond that ordinarily permitted for a rated 100 percent permanent disability, where the worker is in fact rehabilitated from his previous permanent disability, has again secured employment, and then because of another industrial injury suffers partial or total permanent disability.

As noted, the third authority relied upon by Hurley and the Board is Labor Code section 4750, the full text of which will be found in our quotation from the case of *Pacific Gas & Elec. Co.* v. *Ind. Acc. Com., ante,* page 603. ██ Nothing is seen in that statute supportive of Hurley's and the Board's contention.[2]

██ On the subject before us, the state's high court has said that where multiple industrial injuries, or their ensuing disabilities, are not "separate and independent," but are instead suffered contemporaneously, they are deemed to "overlap." (*Hegglin* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 162, 174 [93 Cal.Rptr. 15, 480 P.2d 967]; *State Compensation Ins. Fund* v. *Industrial Acc. Com.* (1963) 59 Cal.2d 45, 52-53 [27 Cal.Rptr. 702, 377 P.2d 902].) It is only where they are "separate and independent," and do not overlap, that the rule of *Pacific Gas & Elec. Co., supra,* applies. (*State Compensation Ins. Fund* v. *Industrial Acc. Com., supra,* p. 53.)

*State Compensation Ins. Fund* v. *Industrial Acc. Com., supra,* 59 Cal.2d 45, 53-54, also tells us that "To the extent that the factors of disability due to both injuries overlapped . . ., [the workers' compensation claimant] should not be compensated twice . . . ." Effect is thus given to the state's policy that although the workers' compensation laws are to be "liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment" (Lab. Code, § 3202), nevertheless the courts "cannot properly sanction 'double recovery' for the employee" (*City of Los Angeles* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 242, 253 [46 Cal.Rptr. 97, 404 P.2d 801]). *Hegglin* v. *Workmen's Comp. App. Bd., supra,* 4 Cal.3d

---

[2]"[T]he purpose of that statute [Lab. Code, § 4750] is to encourage employers to hire physically handicapped persons. The Legislature recognized that employers might refrain from engaging the services of the handicapped if, upon subsequent injury, an employer was required to 'compensate the employee for an aggregate disability which included a previous injury. (*Hegglin* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 162, 173 [93 Cal.Rptr. 15, 480 P.2d 967]; *State Compensation Ins. Fund* v. *Industrial Acc. Com. (Hutchinson)* (1963) 59 Cal.2d 45, 49 [27 Cal.Rptr. 702, 377 P.2d 902].) In enacting section 4750, the Legislature has expressed a clear intent that the liability of one who employs a previously disabled worker shall, in the event of a subsequent injury, be limited to that percentage of the over-all disability resulting from the later harm considered alone and as if it were the original injury. The principle has been expressed that '. . . [I]ndustry is to be charged only for those injuries arising out of and in the course of employment and only for the result of that particular injury when considered by itself and not in conjunction with or in relation to a previous injury.' (*Gardner* v. *Industrial Acc. Com.* (1938) 28 Cal.App.2d 682, 684 [83 P.2d 295].)" (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 6 [128 Cal.Rptr. 673, 547 P.2d 449].)

162, 174, referring to such double compensation, suggests that "the pyramiding of disabilities is properly avoided, by application of the multiple disabilities rating schedule." Under this schedule, the overall actual disability resulting from overlapping separately rated multiple disabilities will be determined. (See also *Ascough* v. *Workmen's Comp. Appeals Bd.* (1971) 21 Cal.App.3d 248, 260 [98 Cal.Rptr. 357].)

■ An even more recent observation of the high court is particularly applicable to our problem: "The basic purpose of workers' compensation is to compensate diminished ability to compete in the labor market (Lab. Code, § 4660, subd. (a)) rather than to compensate every injury." (*Mercier* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 711, 716 [129 Cal.Rptr. 161, 548 P.2d 361].) Patently, under this rationale, a worker's ability to compete in the labor market at a given time cannot be diminished beyond a 100 percent total permanent disability.

Finally, we note the summary of the testimony of the Board's permanent disability rating specialist, as follows: "The date of cumulative injury is the same in each of these three cases. If all of the disability had been described in one request, [he] would have applied the multiple tables and the recommended rating would have been 100%." The rigid adherence by the Board to procedural form was improper. ■ "It is a fundamental principle of law that, in determining rights and obligations, substance prevails over form." (*San Diego Federation of Teachers* v. *Board of Education* (1963) 216 Cal.App.2d 758, 764 [31 Cal.Rptr. 146]; Civ. Code, § 3528.)

■ From all of the foregoing we conclude that Hurley suffered repetitive physically traumatic experiences extending throughout his employment by Kauth Bros., Inc., the combined effect of which resulted in bodily injury, and permanent disability. (See Lab. Code, § 3208.1.) Whether the injury be considered as having brought about one disability, or three separate overlapping disabilities, neither the law, nor reason, permits a disability rating, or award therefor, of more than 100 percent.

We have read and considered the case of *Moyer* v. *Workmen's Comp. Appeals Bd.* (1972) 24 Cal.App.3d 650 [100 Cal.Rptr. 540], which, although not relied upon or even cited by any of the parties, may be interpreted as having some relation to our problem. Moyer had filed an application with the Board claiming disability from industrial injury to his heart, following which his claim was compromised and settled

without findings of fact or award based thereon by the Board. He soon thereafter made claim to other industrial disability resulting in part from injury to his sense of hearing. The hearing loss was such that it would ordinarily be rated by the Board as a 33 percent partial permanent disability. On hearing of the second application Moyer contended that his first (the heart) disability would reasonably have been rated by the Board at 42 percent. The workers' compensation judge (formerly referee), however, and the Board concluded that it had "resulted in permanent disability of 100 percent," and that accordingly the hearing loss could not operate to increase the existing total disability. Although from the evidence, the heart injury and disability, and the hearing injury and disability, might as in the case at bench be deemed to have been suffered contemporaneously, the *Moyer* v. *Workmen's Comp. Appeals Bd.* court treated them as resulting from *successive injuries,* holding: "If successive injuries produce separate and independent diminutions in the ability of the injured employee to compete in an open labor market 'then each is properly rated separately without concern for the theoretical 100 per cent assigned to "total" disability,' . . ." (24 Cal.App.3d, p. 657.) This holding, it will be seen, is consistent with the conclusion we have reached in respect of Hurley's several contemporaneous industrial injuries and disabilities.

Hurley's contentions that his employer and the latter's insurance carrier "are guilty of laches and are estopped to claim . . . that this should have been one (1) cause of action" are found invalid. His request for further attorney fees will be remanded to, and may be considered by, the Board.

The awards of the Workers' Compensation Appeals Board are annulled. The Board will determine the percentage of Hurley's permanent disability by application of its multiple disabilities rating schedule or in some other reasonable manner, and will otherwise proceed in substantial accordance with the views we have expressed.

Sims, Acting P. J., and Weinberger, J.,* concurred.

A petition for a rehearing was denied July 7, 1977, and the petition of respondent Hurley for a hearing by the Supreme Court was denied August 4, 1977.

---

*Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.