**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Alford Eugene TREADWELL and the Workers' Compensation Court, Respondents.**

No. 59804.

Supreme Court of Oklahoma.

Dec. 18, 1984.

Sam Hill, Steve Vincent, Oklahoma City, for petitioner.

Terry Gust, Midwest City, for respondents.

SIMMS, Vice Chief Justice:

Special Indemnity Fund seeks review of a Workers' Compensation Court panel or-

der to pay two awards simultaneously to the claimant. The Court of Appeals affirmed. We grant certiorari, vacate the Court of Appeals opinion, and affirm.

The issue is whether payment of two permanent partial disability awards arising from unrelated accidents should be paid concurrently or consecutively. This is a question of first impression in this State.

The facts of this case are not in dispute. Alford Eugene Treadwell sustained an injury to his hip in 1977, causing permanent nerve damage impairing his right leg. In 1979, Treadwell injured his right foot. As the result of this injury, a June 2, 1982, order entered against the Special Indemnity Fund awarded compensation at the rate of $60.00 per week.

Treadwell sustained a third, unrelated, injury on September 12, 1981. On September 21, 1982, the Workers' Compensation Court awarded compensation for this injury at the rate of $83.34 per week.

The Fund refused to pay the June 2 and September 21 awards concurrently, but the Workers' Compensation Court held that the Fund was obliged to do so.

The Fund does not challenge either the amount of the award, or its liability, but argues that payment of the second award should begin only after the weekly payments for the first award have ceased. The Fund argues that the maximum weekly payment that it should make at any one time is limited to the maximum weekly payment allowed by 85 O.S.1981, § 22(6)[1] for partial permanent disability. According to § 22(6), the maximum partial permanent weekly payment allowed at the time of the claimant's last injury was $90.00 per week. Since the combined awards to the claimant in this case equal $143.34, the Fund argues that it should not be compelled to pay the awards concurrently. To support its argument that it is limited by the permanent partial weekly maximum of $90.00, the Fund relies upon 85 O.S.1981, § 172(B).[2] The Fund points to the language that states "The Compensation rate for permanent total awards from the Special Indemnity Fund shall be the compensation rate for permanent partial disability...." The Fund's reliance on § 172(B) is misplaced because § 172(B) relates only to permanent total disability which is not at issue in this case.

The section applicable to this case is § 172(A),[3] the section which deals with permanent partial awards. In this section, there is no language which would limit any

1. 85 O.S.1981, § 22(6) states: "6. Limitation. The compensation payments under the provisions of the Workers' Compensation Act shall not exceed the sum of sixty-six and two-thirds percent (66⅔%) of the state's average weekly wage as determined by the Oklahoma Employment Security Commission for temporary disability; ... Ninety Dollars ($90.00) per week beginning January 1, 1981, and to fifty percent (50%) of the state's average weekly wage beginning January 1, 1982, for permanent partial disability; ... and to sixty-six and two-thirds percent (66⅔%) of the state's average weekly wage beginning January 1, 1981, for permanent total disability, or at any time be less than Thirty Dollars ($30.00) per week..."

2. § 172(B). "If such combined disabilities constitute permanent total disability, as now defined by the Workers' Compensation Act, then the employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury.... The compensation rate for permanent total awards from the Special Indemnity Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury. Permanent total awards from the Special Indemnity Fund shall be payable for a period of five (5) years or until the employee reaches sixty-five (65) years of age, whichever period is the longer."

3. § 172(A). "If an employee who is a 'physically impaired person' receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this state. If such combined disabilities *constitute partial permanent disability* as not defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting di-

combined awards paid by the Fund to the permanent partial weekly maximum set forth in § 22(6). Section 172(A) simply mandates that an "employee shall receive full compensation for his combined disability ...", to be apportioned between the employer and the Fund.

■ For the reasons set forth below, we find the proper construction of § 172(A) along with § 22(6), to be that the Fund is limited only by the maximum compensation rate for permanent total awards, not permanent partial awards.

■ The permanent total maximum compensation rate, according to 85 O.S.1981, § 22(6) and the Handbook of the Workers' Compensation Court,[4] at the time of the claimant's last compensable injury (September 12, 1981) is $155.00 per week.

Since the combined awards assessed against the Fund are less than this amount, we affirm the correct ruling of the Workers' Compensation Court that the Fund is obligated to pay the awards concurrently.

■ This holding is consistent with the purposes of both the Workers' Compensation Act and the Special Indemnity Fund Act, as well as other cases we have decided in this area. We have held that the purpose of the Workers' Compensation Act is to indemnify an injured workman for loss of earning power and disability to work. *Special Indemnity Fund v. Doughty*, Okl., 558 P.2d 396 (1977). The purpose of the Special Indemnity Fund is to encourage the employment of previously impaired workers, by assuring employers that they will only be responsible for payments stemming from a subsequent injury as though the worker were not previously impaired. The Fund is supplementary of the Workers' Compensation Act. Both Acts are remedial in character and should be liberally construed. *Special Indemnity Fund v. Wade*, 199 Okl. 547, 189 P.2d 609 (1948). In *Grammer v. State Industrial Court*, Okl., 435 P.2d 101, 106 (1967), we held that if an "employee sustains a compensable permanent injury, he is entitled to the same total amount of compensation, no more and no less, than he would be entitled to receive under Workmens' Compensation Law if this [Special Indemnity Fund] Act had not been adopted...".

The Fund relies upon *Special Indemnity Fund v. Bryant*, 205 Okl. 630, 239 P.2d 1014 (1952) to support its argument that payments should not run concurrently. In *Bryant*, an attorney fee award was ordered to run concurrently with the weekly compensation payment. We held that since payment of both awards concurrently would result in a total weekly payment over the maximum allowed, the result would be unauthorized by statute. However, since the total payments in the case at bar do not exceed the statutory maximum, *Bryant* is consistent with our present holding.

■ However, if the sum of the two awards in this case had been over the

---

rectly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a "physically impaired person" as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act of this state. Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. *After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 173 of this title, in periodic installments...*" (emphasis added)

4. The compensation rates listed in the Handbook of the Workers Compensation Court are computed according to the provisions of 85 O.S. 1981, § 22(6) set forth in footnote above. § 22(6) further states: "The average weekly wage in this state shall be determined annually as of July 1 of the preceding calendar year by the Oklahoma Employment Security Commission and shall be used to establish maximum benefits under the Workers' Compensation Act for injuries occurring during a twelve-month period, which period shall begin on the first day of the fourth month after publication by the Oklahoma Employment Security Commission. For the purpose of computing benefits payable under the Workers' Compensation Act, the state's average weekly wage shall be rounded to the nearest dollar amount."

amount authorized by 85 O.S.1981, § 22(6) for permanent total disability, any amount that would exceed the maximum allowable would be reserved and paid after the payments constituting the statutory maximum had ceased. This result is clearly indicated both by § 22(6), *Bryant,* supra, and cases and authorities from other jurisdictions. A. Larson, 2 *The Law of Workmen's Compensation,* § 59.41 (10–508); *Walls v. Hodo Chevrolet Co.,* 302 So.2d 862 (Miss. 1974); *O'Brien v. Albrecht Co.,* 206 Mich. 101, 172 N.W. 601 (1919); *Scialo v. Luisi,* 91 R.I. 86, 161 A.2d 194 (R.I.1960); *Pacific Gas & Elec. Co. v. Ind. Acc. Comm.,* 126 Cal.App.2d 554, 272 P.2d 818 (1954); *State Emp. Ins. Fund v. Workers' Comp. App. Bd.,* 70 Cal.App.3d 599, 139 Cal.Rptr. 41 (1977). The reason for this result is that, at any moment in time, no one can be more than totally disabled.

Therefore, the order of the Workers' Compensation Court is affirmed.

AFFIRMED.

All the Justices concur.