Elmer ROBERTS, Petitioner,

v.

MATRIX SERVICES, INC., State Insurance Fund, and the Workers' Compensation Court, Respondents.

No. 80285.

Supreme Court of Oklahoma.

Nov. 16, 1993.

Richard A. Bell, Norman, for petitioner.

John R. Schneider, Oklahoma City, for respondent State Ins. Fund.

HARGRAVE, Justice.

The issue in this case is whether an award for permanent partial disability properly can be paid simultaneously with the payment of benefits previously awarded for permanent total disability. We hold that it cannot. The argument is whether a worker can be more than permanently totally disabled at a given time. The worker argues that under Oklahoma's Workers' Compensation Act, permanent total disability is recompense for lost wages, while permanent partial disability is designed to compensate for the workers' physical impairment. Thus, worker argues that he is entitled to be paid both awards simultaneously.

The worker previously had been awarded permanent total disability for a stroke suffered at work and is receiving compensation therefor. Subsequently worker filed a claim for occupational disease for injuries to his lungs. The trial judge found 10% permanent partial disability to the body as a whole and found that the award of permanent partial disability would not effect (sic) the payment of the permanent total disability award because the lung award had "already accrued."

The employer appealed to the three-judge panel, relying primarily on *Special Indemnity Fund v. Treadwell*, 693 P.2d 608 (Okla.1984) for the proposition that no one can be at any one time more than 100% disabled. The three-judge panel vacated a portion of the trial judge's ruling and ordered that the compensation for permanent partial disability would be held in abeyance until the permanent total disability award was paid out.

Worker appealed and the Court of Appeals vacated the judgment of the court in banc and reinstated the trial court's order. We granted certiorari and now vacate the opinion of the Court of Appeals and reinstate the judgment of the three-judge panel.

Historically, awards for permanent partial disability and permanent total disability under the "other cases" provision of the compensation act were related to wage-earning capacity. Permanent partial disability was for a decrease in wage earning capacity, whereas an award for permanent total disability was for an entire and apparently permanent total loss of ability to follow continuously some substantially gainful occupation without serious discomfort or pain and without material injury to health or danger to life. *O.C. Whitaker, Inc. v. Dillingham*, 192 Okl. 150, 134 P.2d 588 (1943). And earlier, in *Cornhuskers Theatres, Inc. v. Foster*, 181 Okl. 341, 74 P.2d 109 (1937), we noted that the award for permanent partial disability under the "other cases" section was for incapacity to work as a result of injury and the loss of earning power as a result of injury, whether being unable to perform obtainable work or unable to obtain performable work. Other early cases emphasized that the compensation provided by the Worker's Compensation Act is not a recompense for injuries sustained, but to provide payment of compensation in lieu of wages. *Burnett Hauert Lumber Co. v. Thompson*, 185 Okl. 627, 95 P.2d 630 (1939). "Disability" within the meaning of the workers' compensation statutes was defined as the disability

to perform ordinary manual labor and permanent partial disability was the percentage allowance of the body as a whole for that disability. *Mayberry v. Walker's Masonry,* 542 P.2d 510 (Okla.1975). And finally, we said in *Service Pipe Line Co. v. Cargill,* 289 P.2d 961, 962 (Okla.1955):

"The purpose of the [Workers' Compensation] Act is not to indemnify a worker for injuries suffered on the job, but is rather to provide compensation for loss of earning power and the ability to work when those losses are causally related to employment."

More recently, in *Crocker v. Crocker,* 824 P.2d 1117, 1125–26 (Okla.1991), a domestic relations matter, we were considering whether certain workers' compensation awards were marital property subject to division between the former spouses. In determining that such workers' compensation award would be marital property only to the extent that it reimbursed the couple for loss of income during the marriage, we stated at pp. 1122–23:

"... The Workers' Compensation Act allows a lump sum payment only for permanent partial disability or permanent total disability. The awards are contained in 85 O.S.Supp.1990 § 22. Payment is based on a percentage of the employee's wages for a set number of weeks. *Compensation is not paid to reimburse for injuries sustained. It is awarded for compensation in lieu of wages during the duration of the impairment.*"

Case law also establishes that, after the 1941 amendments to the Workers' Compensation Act, it was not necessary to prove loss of wage earning capacity in order to recover for permanent partial disability. In *Cargill, supra,* at p. 963, we said:

"Under the 'other cases' provision of 85 O.S.1941 § 22, it is not necessary to establish loss of wage-earning capacity, and the State Industrial Commission is authorized to award a percentage of total disability disclosed by the medical testimony."

In that case we pointed out that prior to amendment of the section it was necessary for an employee to establish loss of earning power in order to receive compensation. Since the amendment however, we stated that this was no longer necessary:

"The statute as amended arbitrarily fixes an employee's loss of earning power measured by his physical condition or degree of disability sustained."

It appears to us that the cases have recognized that there are aspects of loss of earning power and disability to the body in a permanent disability award. That is, in the case of permanent total disability, because of the disability, or impairment, the worker is incapable of working and earning wages. In the case of permanent partial disability, the worker may be able to work, but the award recognizes a diminishment of bodily function and attendant effect on wage-earning capacity.

The argument seems to be that under the current version of the Workers' Compensation Act, permanent total disability and permanent partial disability are two different claims, not mutually exclusive. The argument is that although workers compensation payments are tied to the employee's wages, permanent partial disability is not recompense for loss of wages but is solely for loss of bodily function. Permanent total disability, on the other hand, is solely designed as replacement of lost earnings rather than as recompense for the disability to the body. This distinction, it is argued, is based upon the definitions used in the Workers' Compensation Act. Those definitions are:

85 O.S.1991 § 3(12):

"(12) *'Permanent total disability'* means *incapacity* because of accidental injury or occupational disease *to earn any wages in any employment* for which the employee is or becomes physically suited by education, training or experience; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall constitute permanent total disability." (emphasis added).

85 O.S.1991 § 3(13):

"(13) *'Permanent partial disability'* means permanent *disability* which is less than total *and shall be equal to or the same as permanent impairment."* (emphasis added).

85 O.S.1991 § 3(11):

"(11) *'Permanent impairment'* means any anatomical or functional abnormality or loss *after reasonable medical treatment has been achieved,* which abnormality or loss the physician considers to be capable of being evaluated at the time the rating is made ..."

The upshot of employee's argument based upon the above definitions is that permanent partial disability and permanent total disability are two different claims and he should be allowed to collect both simultaneously.

Our review of the Workers' Compensation Act persuades us that while physical impairment is taken into account for the awarding of permanent partial disability, there is no basis for a double recovery. In short, we find that a worker cannot receive payment for both permanent total disability *and* permanent partial disability concurrently.

Title 85 O.S.1991 § 22(12) provides:

"No payments on any permanent impairment order shall start until payments on any pre-existing permanent impairment orders have been completed."

Employee attempts to avoid the effect of § 22(12) by focusing on the words "permanent impairment orders" and suggesting that the use of this language means that § 22(12) refers only to permanent partial disability awards because permanent impairment is not the same as permanent total disability. Presumably, employee believes this is so because only the definition of permanent partial disability in § 3(13) uses the term "permanent impairment." However, Title 85 O.S.1991 § 17 provides:

"A. The determination of disability shall be the responsibility of the Court. Any claim submitted by an employee *for compensation for permanent disability* must be supported by competent medical testimony which shall include an evalua-

tion by a physician stating his opinion of the employee's *percentage of permanent impairment* ..."

This language stipulates that any award by the court for a permanent disability must be based on a physician's evaluation of the percentage of permanent impairment. This would include both permanent partial and permanent total disability awards. Thus, a worker awarded permanent total disability payments must be found physically impaired in determining the amount of disability, as well as being unable to earn wages as set out in the statute.

In *Special Indemnity Fund v. Treadwell,* 693 P.2d 608 (Okla.1984), the issue was whether payment of two permanent partial disability awards arising from unrelated accidents should be paid concurrently or consecutively. There, the Special Indemnity Fund did not challenge the award, but rather the manner of payment. They argued that payment of the second award should begin only after the payments for the first award ceased because concurrent payments would result in a sum greater than the maximum for permanent partial disability. We said that because the combined awards assessed against the Special Indemnity Fund were less than the permanent total disability maximum compensation rate, the Fund was limited only by the maximum compensation rate for permanent total disability awards rather than for permanent partial awards and the awards would be paid concurrently. We said that if the sum of the two awards in that case had been greater than the amount authorized by 85 O.S. § 22(6) for permanent total disability, any amount that would exceed the maximum allowable would be reserved and paid after the payments constituting the statutory maximum had ceased. We stated that the reason for this result is that at any moment in time, no one can be more than totally disabled.

Employee argues that *Treadwell* is inapplicable because it involved the Special Indemnity Fund. We disagree. *Treadwell* stands for the proposition that multiple awards for permanent partial disability may not exceed the maximum amount al-

lowable for permanent total disability. In the case at bar, employee already is receiving the maximum allowable for permanent total disability by reason of his stroke. Employee is not entitled to compensation for the 10% permanent partial disability until the permanent total disability benefits have been paid out.

We find nothing in the Act that would change the rule of *Treadwell* that the amounts awarded for permanent partial disability shall not exceed the maximum amounts that would be allowed for permanent total disability. Under § 22(12) it is clear that the payment authorized by the three-judge panel was correct.

CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE ORDER OF THE THREE-JUDGE PANEL IS SUSTAINED.

LAVENDER, V.C.J., and SIMMS, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

HODGES, C.J., and OPALA, J., dissent.