2005 OK CIV APP 49

**ALBERTSONS AND ALBERTSONS INC., Petitioners,**

v.

**Lenard Toussaint BARBER and The Workers' Compensation Court, Respondents.**

**No. 100,719.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 3, 2005.

---

Jay L. Jones, Oklahoma City, OK, for Petitioners.

Victor R. Owens, Tulsa, OK, for Respondents.

Opinion by BAY MITCHELL, Judge.

¶1 Albertsons and Albertsons Inc. (Employer) appeal from an order of the Three–Judge Panel of the Workers' Compensation Court affirming the trial court order requiring them to pay temporary total disability benefits to Lenard Toussaint Barber (Claimant) for his claim of cumulative trauma to his hands. The trial court determined TTD was

due at a rate of $432.19 per week beginning on September 26, 2003. Employer was already paying Claimant TTD at a rate of $347.31 per week for a separate single event knee injury claim. The trial court ordered Employer to pay the difference, in the amount of $84.88 per week, until Claimant was released on the knee claim, at which time the full TTD rate of $432.19 per week would be due on Claimant's hand claim.

¶2 Employer appeals solely on the legal issue of whether the court could order it to pay TTD on two different claims concurrently. Employer does not dispute that the injury is work-related or that the TTD rate is $432.19. They only argue that the court could not order them to pay TTD on the hand claim until Claimant was released on the knee claim. We review this purely legal issue *de novo*, giving no deference to the lower court's legal findings. *Clayton v. Fleming Cos.*, 2000 OK 20, ¶11, 1 P.3d 981, 984.

¶3 TTD was being paid voluntarily for the knee injury beginning June 5, 2003. That TTD rate of $347.31 per week was apparently based on Claimant's wages prior to February 6, 2003. On that date, Claimant was given a raise. Regarding the injury to the hands, the subject of this appeal, Claimant's date of last exposure was April 2, 2003, two months after the raise took effect. Accordingly, his TTD rate for the hand injury was calculated from his wage rate at that time. Claimant had been receiving TTD at the lower rate for the knee injury for almost four months when TTD was ordered for the injury to the hands. Thus, a unique situation occurred where Claimant was off work for two different claims at the same time, but because his wages changed between the dates of awareness, the TTD rates were different. This situation is unlikely to occur often.

¶4 Employer contends Claimant did not become more disabled after he found out he could not work due to the hand injury, and should not be entitled to receive more money based on this claim. However, the Legislature has determined the TTD rate should be 70% of the employee's average weekly wages, calculated at the time of injury. 12 O.S.2001

§§ 21–22(2)(b). Applying these statutes, the trial court determined Claimant was entitled to $432.19 per week for his hand claim. This award is neither a declaration, nor does it imply Claimant became more disabled when he became unable to work because of his hands. Instead, it is a recognition by the court that the TTD rate increased due to Claimant's increase in wages, and that Claimant was entitled to higher TTD benefits for his hand injury because of that raise.

■ ¶ 5 Temporary total disability is defined as the healing period, or that time after an accidental injury when an employee is totally incapacitated from work. *Wal–Mart Stores, Inc. v. Berg*, 2004 OK CIV APP 89, ¶ 18, 99 P.3d 1205, 1207 (stating purpose of TTD is to replace wages lost during healing period). Nothing in the definition or purpose of TTD would preclude the award of supplementary TTD benefits in this case to make sure Claimant is being paid the full TTD rate to which he is entitled on his hand claim. *See Special Indemnity Fund. v. Treadwell,* 1984 OK 91, ¶ 11, 693 P.2d 608, 610 (stating Workers' Compensation Act is remedial in nature and the language of the Act should be liberally construed in favor of the claimant). Employer has offered no construction of the Workers' Compensation Act that would prohibit awarding the statutory rate of TTD merely because the Employer is already paying a prior TTD claim at a lower amount.

¶ 6 Although there is no specific statutory authority for the trial court's supplementary award, we hold the award was not error. The trial court recognized Employer was already paying $347.31 in TTD on the knee claim and awarded the difference in the TTD rate for the hand claim until the time the knee claim was released, and then the full amount of the hand claim TTD would be due. The Oklahoma Supreme Court reached a similar result for the payment of two permanent partial disability awards in *Special Indemnity Fund. v. Treadwell,* 1984 OK 91, 693 P.2d 608. The Court required the Special Indemnity Fund to pay two separate permanent partial disability claims concurrently as long as the total payments did not exceed the maximum weekly payment for permanent total disability set by statute. *Id.,* ¶¶ 8, 10, 693 P.2d at 610. The Court rejected an argument that payment of the second award should begin only after payments for the first award had ceased. *Id.,* ¶ 6, 693 P.2d at 609. The same reasoning would apply here. The trial court did not have jurisdiction over the knee claim or the TTD that was already being paid in that case. However, the court was able to avoid assessing double TTD payments against Employer and still allow Claimant the full rate to which he was entitled for his hand claim by simply ordering supplemental payments until the knee claim was released. This order was not error under the Act.

¶ 7 For these reasons, the order of the panel is SUSTAINED.

ADAMS, P.J., and BUETTNER, C.J. (sitting by designation), concur.